## CORA L. DORSETT v. F. A. DORSETT.

(Filed 19 April, 1922.)

**Husband and Wife—Marriage—Contracts—Services of Wife—Promise to Pay—Quantum Meruit.**

For the wife to recover for services rendered to her husband in his business, or outside of her domestic duties, while living together under the marital relation, there must be either an express or an implied promise on his part to pay for them; and the relationship of marriage, nothing else appearing, negatives an implied promise on his part to do so.

APPEAL by plaintiff from *Webb, J.,* at December Term, 1921, of GUILFORD.

This action was brought by the wife to recover of her husband the sum of $5,400 upon a *quantum meruit* for services rendered by her while they were living together as husband and wife. The complaint alleges:

1. That the plaintiff and defendant intermarried 21 July, 1917, in the county of Guilford.

2. That at the time of their marriage the defendant was in the business, in Greensboro, of repairing bicycles, guns, keys, locks, etc., and was doing business on Davie Street in the city of Greensboro, in a house which he rented for that purpose.

3. That in November, 1917, after the plaintiff was married, she went into the said place of business of the defendant, and besides her domestic duties, which she carried on, she rendered service to her husband by waiting on his customers, made keys, worked on bicycles, guns, and other

instruments to be repaired which were brought into the shop, and other kinds of this character of business; that she continued to work for defendant until about 15 November, 1920.

4. That under the laws of North Carolina she is advised that she is entitled to pay for her services rendered the defendant as aforesaid, which were worth the sum of $150 per month for the period of three years from November, 1917, to 15 November, 1920, amounting to $5,400.

Wherefore, the plaintiff demands of the defendant the sum of $5,400 and the costs of this action, to be taxed by the clerk.

The defendant demurred as follows: That it appears from the face of said complaint that said complaint does not state facts sufficient to constitute a cause of action, for that:

1. It appears that at the time when plaintiff alleges she worked for defendant she and the defendant were married, that she was the wife of defendant, and that they were at that time living together as husband and wife.

2. That the complaint shows upon its face that plaintiff's alleged cause of action is upon a *quantum meruit* for alleged services to defendant, her husband, at a time when plaintiff and defendant were living together as husband and wife.

The court sustained the demurrer, and dismissed the action. The only exception is to the judgment assigned.

*John A. Barringer for plaintiff.*
*King, Sapp & King for defendant.*

CLARK, C. J. This action is based on C. S., 2513, which is as follows: "The earnings of a married woman by virtue of any contract for her personal services, and any damage for personal injuries or other torts sustained by her can be recovered by her suing alone, and such earnings or recovery shall be her sole and separate property as fully as if she had remained single."

This statute was recently construed in *Kirkpatrick v. Crutchfield,* 178 N. C., 353, in which we said: "It was felt to be unjust and illogical that the husband should recover for labor which the wife had performed *outside the household duties,* and on a contract which she had a legal right to make 'as if single,' and that when the wife had borne the physical and mental suffering of the amputation of her foot and a broken arm and other injuries, compensation should go to her and not to her husband, who had suffered nothing. The discharge of household duties, unending and tiresome, and without limitation of hours, the rearing of children, the loving companionship and attentions of a wife, are full compensation for her right to support from her husband." That case upheld

the right of the wife to maintain an action "by virtue of any contract for personal services, and any damages for personal injuries," against a third party. The right of the wife to recover her separate earnings, suing alone, was also sustained by *Adams, J.,* in *Croom v. Lumber Co.,* 182 N. C., 219.

In *Crowell v. Crowell,* 180 N. C., 516, the Court held that the wife "might maintain an action against her husband for an assault or other personal injury, and in such case recover punitive as well as compensatory damages," saying: "Whether a man has laid open his wife's head with a bludgeon, put out her eye, broken her arm, or poisoned her body, he is no longer exempt from liability to her on the ground that he vowed at the altar to 'love, cherish, and protect' her. Civilization and justice have progressed thus far with us, and never again will 'the sun go back ten degrees on the dial of Ahaz.' Isaiah, 38 :8." 180 N. C., at p. 524. *Crowell v. Crowell* was reaffirmed, on rehearing, *Stacy, J.,* 181 N. C., 66.

This case presents an entirely new feature. It is not the case of recovery of compensation on a contract against a third party, nor for personal injury against her husband as well as others, but whether she can recover against her husband as upon contract for services rendered without any agreement for compensation.

It may be essential justice, in many cases, that where a wife has rendered services outside the discharge of her household duties that she should receive compensation, and she certainly can do so where there is such agreement with her husband, but in this case there is no such agreement expressed or implied, or even alleged. An implied agreement for compensation always depends upon the surroundings and the conditions attendant upon the rendition of the services.

In *Prince v. McRae,* 84 N. C., 675, the Court said: "Whether the plaintiff's services shall be deemed a gratuity or constitute a claim for compensation must be determined by the understanding of both parties. If they were intended to be and accepted as a gift or act of benevolence, they cannot, at election of plaintiff, create a legal obligation to pay." The general principle of a *quantum meruit* is clearly stated in *Winkler v. Killian,* 141 N. C., 578, in which *Hoke, J.,* said: "It is ordinarily true that where services are rendered by one person for another, which are knowingly and voluntarily accepted without more, the law presumes that such services are given and received in expectation of being paid for, and will imply a promise to pay what they are reasonably worth. This is a rebuttable presumption, for there is no reason why a man cannot give another a day's work as well as any other gift, if the work is done and accepted without expectation of pay." And that case further says that it is equally well established that where a child resides with a parent as a member of the family, "services rendered under such

circumstances by the child for the parent are, without more, presumed to be gratuitous, and no promise will be implied and no recovery can be had without proof of an express and valid promise to pay, or facts from which a valid promise to pay is to be reasonably inferred. This last position is usually considered as an exception to the general rule, and in this and most other jurisdictions obtains both as to adult and minor children."

This same reasoning, it seems, should apply with equal if not greater force where the services are rendered by the wife, though outside her household duties, in aiding her husband in the support of the family. It is not usual, certainly, that the wife should receive compensation in such cases, and obligation of payment cannot arise in the absence of an express agreement or such facts and circumstances from which an implied promise will arise, independent of the mere fact that the services were rendered by the wife to the husband outside her household duties.

The general principle as to implied promises to pay as between members of the family has been thus stated: "Where it is shown that a person rendering services was a member of the family of the person served, and received support therein, a presumption of law arises that such services are gratuitous, and, in such cases, before the person rendering the service can recover, the express promise of the party served must be shown, or such facts and services as will authorize the jury to find that there was the expectation by the one. of receiving and by the other of making compensation therefor." This has been repeatedly and uniformly held by our courts. Among the numerous cases in point is *Dodson v. McAdams,* 96 N. C., 149, in which it is said: "The presumption against a promise to pay for such labor may be overthrown by an agreement to pay for the same, appearing in terms or when there is proper proof to establish the same." In *Avitt v. Smith,* 120 N. C., 393, the Court said: "In ordinary dealings the law implies a promise to pay for services rendered by one for another. This presumption may be rebutted by the *relations* of the parties, as father and child, stepfather and child, and grandfather and child, etc. In the absence of some express contract, express or implied, showing an intention on the part of one to charge and the other to pay, the presumption is rebutted by the relationship." Cited, *Ellis v. Cox,* 176 N. C., 618; *Stallings v. Ellis,* 136 N. C., 72; *Hicks v. Barnes,* 132 N. C., 150, and other cases.

The principle running through all the cases is nowhere better summed up than by *Walker, J.,* in *Dunn v. Currie,* 141 N. C., 127: "These cases establish the principle that certain relations existing between the parties raise a presumption that no payment was expected for services rendered or support furnished by the one to the other. The presumption standing by itself repels what the law would otherwise imply, that is, a

promise to pay for them; but this presumption is not conclusive, and may in its turn be overcome by proof of an agreement to pay, or of facts and circumstances from which the jury may infer that payment was intended by one of the parties and expected by the other."

It is true that in none of our cases was the relationship that of husband and wife, but the principle applies with as full or greater force in such a case as in those which have been presented.

Where the wife has rendered services to a third party, the statute gives her a right to recover her earnings for herself without any participation therein by the husband, and she is also entitled to recover against her husband, or any one else, for injuries sustained; but we have no case holding (and it would be contrary to the principle laid down in the cases we have cited, obtaining as to other relationships in the family) that a wife can recover for services rendered to her husband in the absence of an express agreement or facts and circumstances from which a jury can infer either an express promise or the understanding and intention of the parties that the wife should receive compensation.

There are instances where there is not only a matrimonial partnership between a husband and wife, but a financial or business partnership; also, where the wife is to receive compensation from her husband for services rendered, but in all such cases the business partnership, or the liability of the husband to the wife for compensation, must arise out of an agreement, not out of the marital relation, *ex jure marito,* which, if it extended to business matters, would make each responsible for the debts of the other.

In this case there was not even allegation of such contract, or of an understanding or intention between the parties that the wife should receive compensation.

The judgment sustaining the demurrer is
Affirmed.