WILLIAM C. MATTHEWS, PETITIONER, v. EDITH SUMMERS MATTHEWS, RESPONDENT

No. 68SC214

(Filed 14 August 1968)

1. Pleadings § 19— effect of demurrer

A demurrer admits, for the purpose of testing the sufficiency of the pleading, the truth of factual averments well stated and relevant inferences of fact reasonably deducible therefrom, but a demurrer does not admit inferences or conclusions of law.

2. Contracts §§ 4, 25— consideration — pleadings

A valuable consideration is necessary to the validity of a contract not under seal, and the pleader must allege facts to show that there was a valuable consideration.

3. Husband and Wife § 4; Contracts § 6— contract to perform marital obligations

A contract between a husband and wife whereby one spouse agrees to perform specified obligations imposed by law as part of the marital duties of the spouses to each other is without consideration and is void as against public policy.

4. Husband and Wife § 1— marital obligations

A husband has a legal right to the services of his wife as a wife, and this includes his right to her society and the performance of her household and domestic duties.

5. Husband and Wife §§ 1, 4— contract not to separate from spouse — consideration

A promise by the wife that if she would not separate herself from her

husband and would continue to live together with the husband as his wife does not constitute a valuable consideration for a promise by the husband that if he left the wife everything he owned would be hers to have and hold for herself and the children of the marriage.

**6. Husband and Wife § 4; Contracts § 3— promise of spouse — uncertainty**

A promise by a husband that if he ever left his wife "everything I have or will have will be hers to have and hold for the benefit of our children and herself" is too vague and uncertain to be enforceable.

**7. Contracts § 3— definiteness and certainty of agreement**

Where an agreement is so vague and uncertain that no definite meaning can be ascertained, there is no valid contract.

**8. Husband and Wife § 10— deeds of separation — future separation**

Articles or deeds of separation are permissible where the separation has already occurred or immediately follows, but agreements looking to a future separation of the husband and wife will not be sustained.

**9. Husband and Wife § 10; Contracts § 6— deeds of separation — future separation — public policy**

A promise by the husband that if the wife would not separate herself from the husband and would continue to live with the husband as his wife, everything the husband owned would be hers to have and hold for herself and their children in the event the husband left the wife is in the nature of a property settlement or separation agreement looking to a future separation and is void as against public policy.

APPEAL by *respondent* from *Clarkson, J.,* 12 February 1968, Schedule C Session, MECKLENBURG Superior Court.

This is a Special Proceeding instituted before the Clerk of Superior Court of Mecklenburg County on 18 September 1967 for a sale for partition of lands in Mecklenburg County, held by the parties as tenants in common.

The petitioner and respondent were married to each other on 12 June 1940, and lived together thereafter as man and wife. Four children were born of the marriage. On 29 May 1967 a decree of absolute divorce was entered in the Superior Court of Mecklenburg County in an action brought by William C. Matthews.

During the period of their marriage the lands described in the Petition had been conveyed to the parties as tenants by the entirety, and title had been converted into a tenancy in common by the divorce.

By her answer respondent admits the material allegations of the complaint with respect to the record title to the lands, and, with re-

spect to the necessity for sale in order to make an equal division. By her further answer respondent alleges:

"3.  That on or about August 16, 1952, the Petitioner, for valuable consideration, entered into a Contract with the Respondent under the terms of which the Petitioner promised the Respondent that if she would not separate herself from the Petitioner and would continue to live together with the Petitioner as his wife then in the event Petitioner ever left the Respondent everything he owned would be hers to have and hold for the benefit of herself and the children of their marriage."

The Respondent attaches as an exhibit to her answer and further answer the alleged contract as follows:

"To whom it may concern —

I, Wm C Matthews do declare that if I ever leave Edith Summers Matthews, everything I have or will have will be hers to have and hold for the benefit of our children and herself — I make no claim on anything we own jointly, and separately —

/s/ Wm C Matthews

16 Aug 1952"

The petitioner demurred to the further answer of respondent upon the grounds that it did not allege facts sufficient to support a judgment for affirmative relief.

By consent of the parties the Clerk ordered a sale of the property described in the petition, appointed a commissioner to conduct the sales and transferred to the civil issue docket all questions of fact and law raised by respondent's further answer.

Petitioner's demurrer was heard by Judge Clarkson, and was sustained. The respondent appealed to the Court of Appeals, assigning as error the sustaining of the demurrer.

*Jones, Hewson and Woolard, by Hunter M. Jones, for petitioner appellee.*

*Herbert, James, Williams and Cooper, by Henry James, Jr., for respondent appellant.*

BROCK, J.

[1, 2]  It is elementary that a demurrer admits, for the purpose of testing the sufficiency of the pleading, the truth of factual averments well stated, and relevant inferences of fact reasonably deducible therefrom. But a demurrer does not admit inferences or conclu-

sions of law. *Corprew v. Chemical Corp.,* 271 N.C. 485, 157 S.E. 2d 98. A valuable consideration is necessary to the validity of a contract not under seal, and it is necessary for the pleader to allege such facts as will enable the Court to see that there was a valuable consideration. McIntosh, N. C. Practice 2d, Sec. 1067.

Therefore, if respondent has alleged facts showing a valuable consideration, it will have to be found in the words "if she would not separate herself from the Petitioner and would continue to live together with the Petitioner as his wife."

[3-5]   It is well settled that a contract between husband and wife whereby one spouse agrees to perform specified obligations imposed by law as a part of the marital duties of the spouses to each other is without consideration, and is void as against public policy. 26 Am. Jur., Husband and Wife, Sec. 326, p. 923; *Sprinkle v. Ponder,* 233 N.C. 312, 64 S.E. 2d 171. Under the law, a husband has the right to the services of his wife as a wife, and this includes his right to her society and her performance of her household and domestic duties. 26 Am. Jur., Husband and Wife, Sec. 9, p. 637.

In *Sprinkle v. Ponder, supra,* in ruling to be without consideration an alleged promise by the husband to convey to the wife a one-half interest in his new home if she would live there with him, the Court said: "As long as the husband exercises his choice in a reasonable manner, consistent with the comfort, welfare and safety of his wife, it would seem to be the wife's marital duty to go with the husband to the home of his choice, and this being so, the law will not permit, as a matter of sound public policy, any such marital duty to be made the subject of 'barter and sale,' and a contract based thereon is a nullity, without consideration."

There is no allegation in respondent's further answer of conduct on the part of the husband which would give rise in 1952 to a right on the part of the respondent to breach her marital obligations. The law relied upon by respondent and argued in her brief amply supports the proposition that forbearance by a wife to bring a well-founded suit for divorce may be a sufficient consideration for a promise. But this principle of law has no application to the allegations of respondent's further answer.

[6]   The alleged promise set up in respondent's further answer does not specifically promise respondent anything; at most it constitutes a declaration "to whom it may concern" of an intent. If the alleged promise is construed as being made to respondent, it is vague and indefinite with respect to what is meant by "if I ever leave." Would this term apply to his death? Would this term apply

if respondent drove him away from home? Would it apply in case of a mutual separation? What kind of trust, if any, is created by the words "will be hers to have and to hold for the benefit of our children and herself?" Do those words give her a fee title to the whole, or just a part; or do they entitle her to a life estate? Also the alleged promise is vague and indefinite as to the term "everything I have or will have." Does this mean up until the time of a separation? Or does it mean everything he will have even after separation?

[7]    Where an agreement is so vague and uncertain that no definite meaning can be ascertained, there is no valid contract. 2 Strong, N. C. Index 2d, Contracts, § 3, p. 295.

[5, 6]    Quite apart from our conclusion that no consideration for the promise has been alleged by respondent's further answer, and apart from our conclusion that the promise as alleged is too vague and uncertain, there is a more compelling reason for petitioner's demurrer to be sustained.

[8, 9]    If the alleged promise met the tests of consideration and clarity, it would be clearly a promise looking to a future separation, and would be in the nature of a property settlement or separation agreement. Articles or deeds of separation are permissible where the separation has already taken place or immediately follows; but agreements looking to a future separation of husband and wife will not be sustained. *Archbell v. Archbell,* 158 N.C. 409, 74 S.E. 327. If such an agreement as the one alleged by respondent were enforceable, it would induce the wife to goad the husband into separating from her in order that the agreement could be put into effect and she could strip him of all of his property. Our society has been built around the home, and its perpetuation is essential to the welfare of the community. And the law looks with disfavor upon an agreement which will encourage or bring about a destruction of the home.

We hold that the promise alleged by respondent is unenforceable because it is void on grounds of public policy.

The judgment sustaining petitioner's demurrer to respondent's further answer is

Affirmed.

MALLARD, C.J., and PARKER, J., concur.