Earp v. Earp

In the trial of defendant we find

No error.

Judges VAUGHN and MARTIN (Robert M.) concur.

BERTHA JACKSON EARP v. ROY LEE EARP

No. 815SC880

(Filed 4 May 1982)

**Contracts § 6.2; Husband and Wife § 4— agreement between husband and wife concerning transfer of property — consideration sufficient**

The trial court erred in dismissing the wife's action against her husband seeking enforcement of an agreement between the parties to transfer real property to the parties' joint ownership where the terms of the agreement provided that the wife would return to the marital home, the husband would transfer title to certain land to the parties' joint name and the husband would fulfill certain obligations in the event that he "ever again abuse[d]" the wife, resulting in the parties' separation. The agreement was executed under seal creating a rebuttable presumption of consideration, and plaintiff's abandonment of a suit she instituted against defendant setting forth numerous incidents of physical abuse by defendant and her resumption of the marital relationship constituted good and adequate consideration.

APPEAL by plaintiff from *Rouse, Judge.* Judgment entered 6 April 1981 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 6 April 1982.

Plaintiff, the former wife of defendant, brought this action for specific performance of an agreement by defendant to transfer real property to the parties' joint ownership.

The agreement which forms the basis for this acton was executed under seal on 2 December 1977 and properly notarized. At that time the parties had been separated for several months and the wife had filed an action for alimony without divorce on grounds of abuse. Following execution of the agreement, the parties reconciled and the wife took voluntary dismissal of her suit.

The terms of the agreement provided, in pertinent part, that the wife would return to the marital home, that the husband

would transfer title to certain land to the parties' joint names and that the husband would fulfill certain obligations in the event that he "ever again abuse[d]" the wife, resulting in the parties' separation.

The trial court, sitting without a jury, held the contract to be unenforceable for want of consideration and void as an agreement looking to a future separation. Plaintiff's action was accordingly dismissed. Plaintiff appeals.

*W. Hugh Thompson for plaintiff appellant.*

*Boyce, Morgan, Mitchell, Burns and Smith, by G. Eugene Boyce, for defendant appellee.*

ARNOLD, Judge.

Plaintiff assigns error to the trial court's dismissal of her action and argues that she is entitled to specific performance of that portion of the contract which does not look to a future separation.

Defendant argues that the trial court correctly held the entire contract to be unenforceable since the only consideration given by plaintiff was performance of a pre-existing duty to fulfill her marital obligations.

We note at the outset that the agreement at issue was executed under seal and that consideration is therefore presumed. *First Peoples Savings & Loan Association v. Cogdell,* 44 N.C. App. 511, 261 S.E. 2d 259 (1980); *Mobil Oil v. Wolfe,* 297 N.C. 36, 252 S.E. 2d 809 (1979). However, this presumption is not irrebuttable and we agree with defendant that performance of pre-existing marital obligations does not constitute sufficient consideration to support a contract. *Matthews v. Matthews,* 2 N.C. App. 143, 162 S.E. 2d 697 (1968). Thus, if plaintiff's evidence had failed to show that defendant committed any wrong toward plaintiff sufficient to relieve her of her marital duties, we would agree with the conclusion of the trial court that no legal consideration resulted from her promise to resume the marital relationship. After careful review of the record, however, we find that the evidence overwhelmingly supports the opposite conclusion.

Plaintiff argues in her brief that the trial court erroneously excluded evidence of her injuries at the hand of defendant which

gave rise to her original complaint. While we agree that this evidence was relevant and should have been admitted, we find its exclusion harmless since abundant evidence appears in the record to support a finding of consideration. Prior to the reconciliation of the parties in December of 1977, plaintiff had filed a complaint setting forth numerous incidents of physical abuse by defendant. Evidence of the merit of her complaints is reflected in defendant's subsequent agreement in writing to perform certain contractual duties "in the event that Roy Lee Earp ever again abuses Bertha Jackson Earp either physically or mentally . . . ." We hold, therefore, that plaintiff's abandonment of her apparently meritorious claim through voluntary dismissal and resumption of the marital relationship constituted good and adequate consideration. Having accepted the benefits of the agreement, defendant should not now be permitted to challenge its validity. *Johnson v. Johnson*, 262 N.C. 39, 136 S.E. 2d 230 (1964).

As plaintiff concedes, that portion of the agreement relating to the parties' rights and obligations upon their subsequent separation was correctly held to be void as against public policy. *Matthews v. Matthews, supra.* However, we conclude that this portion of the agreement was independent, supported by separate consideration, and therefore severable. *Turner v. Atlantic Mortgage and Investment Co.*, 32 N.C. App. 565, 233 S.E. 2d 80 (1977).

We hold that the trial court erred in failing to grant plaintiff's request for specific performance of the portion of the agreement calling for the transfer of real property. This portion of the judgment is accordingly reversed and remanded with instructions to enter judgment for plaintiff.

Affirmed in part.

Reversed and remanded in part.

Judges VAUGHN and MARTIN (Robert M.) concur.