MR. AND MRS. CHARLES F. HEWES, PLAINTIFFS v. HUGH W. JOHNSTON, DEFENDANT, AND HUGH W. JOHNSTON, THIRD-PARTY PLAINTIFF v. CHARLES F. HEWES AND BRENDA P. HEWES, HIS WIFE, AND GRIER, PARKER, POE, THOMPSON, BERNSTEIN, GAGE & PRESTON, THIRD-PARTY DEFENDANTS

No. 8227SC417

(Filed 5 April 1983)

Process § 19— abuse of process—insufficiency of complaint

Third-party plaintiff's complaint was insufficient to state a claim for relief for abuse of process where it alleged a motive of harassment in the filing of suit by third-party defendants but there was no allegation of an improper willful act during the course of the proceedings or of any facts or events which could conceivably support a finding of a willful act.

APPEAL by defendant and third-party plaintiff, Hugh W. Johnston, from *Griffin, Judge.* Orders entered 20 and 21 January 1982 in Superior Court, GASTON County. Heard in the Court of Appeals 8 March 1983.

This is an appeal from orders of the Superior Court granting the motions of third-party defendants, the Hewes and Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston (hereinafter "Grier-Parker"), to dismiss defendant Johnston's third-party complaint on the grounds that it did not state a claim upon which relief could be granted, pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6).

This case grew out of an earlier suit in which defendant Johnston acted as attorney for Mr. and Mrs. Wolfe in a "partnership action" brought against the plaintiff Hewes. The Hewes successfully defended the partnership action, then filed suit against

defendant Johnston, claiming his acts in the partnership action constituted an abuse of process. Defendant Johnston responded with a third-party complaint against the Hewes and their attorneys, Grier-Parker, claiming that the abuse of process suit against him was itself an abuse of process. Defendant Johnston appealed from dismissal of his third-party complaint for abuse of process.

*Harry C. Hewson and Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston, by William E. Poe and William L. Rickard, Jr., for plaintiffs and third-party defendants, appellees.*

*Basil L. Whitener and Anne M. Lamm for defendant and third-party plaintiff, appellant.*

HEDRICK, Judge.

Defendant and third-party plaintiff, Hugh W. Johnston, contends the trial court erred in ordering dismissal of his claims against the third-party defendants, Mr. and Mrs. Hewes, and against the third-party defendants, Grier-Parker. To prevent a Rule 12(b)(6) dismissal, a party must (1) give sufficient notice of the events on which the claim is based to enable the adverse party to respond an'd prepare for trial, and (2) "state enough to satisfy the substantive elements of at least some legally recognized claim. . . ." *Orange County v. Dept. of Transportation,* 46 N.C. App. 350, 378-379, 265 S.E. 2d 890, 909 (1980) (citing *Sutton v. Duke,* 277 N.C. 94, 176 S.E. 2d 161 (1970) and *Stanback v. Stanback,* 297 N.C. 181, 254 S.E. 2d 611 (1979)).

The third-party complaint does not satisfy these tests for overcoming a motion to dismiss because, (1) it does not give sufficient notice of an event constituting abuse of process, and (2) it does not allege the substantive elements of abuse of process. Abuse of process requires both an ulterior motive and a wilful act that are improper and collateral to the suit. *Stanback,* 297 N.C. at 200-201, 254 S.E. 2d at 624. The third-party complaint alleges a motive of harassment in the filing of suit by third-party defendants, but there is no allegation of an improper wilful act during the course of the proceedings. Nor does the pleading mention any facts or events that could conceivably support a finding of a wilful act. Consequently, third-party plaintiff did not state a claim for

which relief could be granted, and the orders to dismiss were proper.

Third-party defendants' appeal of the denial of their motion to dismiss third-party plaintiff's appeal has been rendered moot by this decision.

The orders appealed from are affirmed.

Judges WHICHARD and BRASWELL concur.