443 So.2d 1025 (1983)
Jerome W. PECKINS, Lynne Peckins, and Charold & Co., Ltd., Appellants,
v.
Harold KAYE, Virginia Kaye, Charles C. Hoffberger and Bernice Hoffberger, Appellees.
No. 83-477.
District Court of Appeal of Florida, Second District.
December 16, 1983.
Rehearing Denied January 19, 1984.
*1026 Carl J. Robie, III, Sarasota, for appellants.
Philip N. Hammersley of Trawick & Griffis, P.A., Sarasota, for appellees.
SCHOONOVER, Judge.
This is an appeal from a summary judgment entered in an abuse of process action. We affirm.
Litigation between the parties began when the appellants filed an eight count complaint against the appellees and others. The appellees answered and counterclaimed alleging that the appellants had maliciously joined them in the action. In response to this counterclaim, the appellants, with court permission, filed the instant action for abuse of process.
The appellants alleged, in substance, that the appellees' counterclaim was filed and implemented for the purpose of carrying out a threat to delay the appellants' main action, and to cause them to suffer unreasonable attorney's fees, costs, harassment, aggravation, and inordinate expenditures of their time and money.
The court granted the appellees' motion for summary judgment and this appeal timely followed.
We agree with the appellants' contention that it is not necessary to prove a technical issuance of process in order for them to recover. In an abuse of process action, process may mean an action that is initiated independently such as the commencement of a suit, or one initiated collaterally, such as an attachment. Tellefsen v. Key System Transit Lines, 198 Cal. App.2d 611, 17 Cal. Rptr. 919 (1961). Therefore, the filing of a counterclaim may constitute issuance of process for the purpose of an abuse of process action. Blackstock v. Tatum, 396 S.W.2d 463 (Tex.Civ.App. 1965); Hewes v. Johnston, 61 N.C. App. 603, 301 S.E.2d 120 (1983); Stanback v. Stanback, 297 N.C. 181, 254 S.E.2d 611 (1979).
However, although it is not necessary to show a technical issuance of process, the trial court properly found that no genuine issue of material fact existed, and that the appellees were entitled to a summary judgment as a matter of law. Holl v. Talcott, 191 So.2d 40 (Fla. 1966).
A cause of action for abuse of process requires a showing of a willful and intentional misuse of process for some wrongful and unlawful object, or collateral purpose. Cline v. Flagler Sales Corp., 207 So.2d 709 (Fla. 3d DCA 1968). The abuse consists not in the issuance of process, but rather in the perversion of the process after its issuance. The writ or process must be used in a manner, or for a purpose for which it is not by law intended. Blackstock.
In the case sub judice, the record contains evidence that prior to the filing of the counterclaim in question, one of the appellees threatened to cause the appellants undue and inordinate expenditures of their time and money. This indicates there may have been an ulterior motive of harassment in the filing of the counterclaim. An ulterior motive in itself is not sufficient. There must be an improper willful act during the course of the proceedings to constitute an abuse of process. Hewes. The record does not reflect any improper willful act using the process to achieve a collateral *1027 purpose not within the normal scope of the process. Accordingly, the trial court properly determined that the appellees were entitled to a judgment as a matter of law.
AFFIRMED.
GRIMES, A.C.J., and LEHAN, J., concur.