Vinson v. McManus

VALERIE ANN VINSON, PLAINTIFF v. KENNETH DEAN McMANUS, A MINOR BY
    HIS PARENTS, COLLEEN BOLTON McMANUS AND BOBBY RAY McMANUS;
    COLLEEN BOLTON McMANUS AND BOBBY RAY McMANUS, DEFENDANTS

No. 8326SC404

(Filed 5 June 1984)

**1. Rules of Civil Procedure § 8.1— statement of claim for relief**

    A complaint should not be dismissed for failure to state a claim unless it
appears beyond doubt that plaintiff could prove no set of facts in support of
her claim which would entitle her to relief. G.S. 1A-1, Rule 12(b)(6).

**2. Parent and Child § 8— liability of parents for assault by a child—sufficiency of
complaint**

    Plaintiff's complaint was sufficient to state a claim against defendant
parents for an assault committed by their son where it alleged that defendant
father ratified and consented to the tortious acts of his son by ignoring plain-
tiff's pleas for help and by failing to take any action to stop the son, and that
defendant mother acted in concert with the son by assaulting plaintiff's com-
panion.

APPEAL by plaintiff from *Snepp, Judge.* Judgment entered 1
March 1983 in Superior Court, MECKLENBURG County. Heard in
the Court of Appeals 7 March 1984.

Plaintiff filed a complaint in which she alleged that Kenneth
Dean McManus, a 15-year-old minor, assaulted her by beating her
repeatedly in the face, eyes and about her body with his fist.
Plaintiff further alleged that the defendant mother acted in con-
cert with her minor son by assaulting plaintiff's companion in like
manner while the son assaulted the plaintiff, and that the defend-
ant father ratified, approved and consented to the actions of his
wife and son by ignoring plaintiff's pleas for help and by failing to
take any action to stop his wife and son. Defendants filed a mo-
tion to dismiss the complaint against the adult defendants pur-
suant to Rule 12(b)(6) of the North Carolina Rules of Civil
Procedure for failure to state a claim upon which relief may be
granted. From the order of the court allowing the defendants' mo-
tion, plaintiff appealed.

*Karen Zaman Mashburn for plaintiff appellant.*

*Michael P. Carr for defendant appellees.*

WEBB, Judge.

[1] We believe the trial court erred in dismissing plaintiff's complaint against the defendant parents. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff could prove no set of facts in support of her claim which would entitle her to relief. *Sutton v. Duke*, 277 N.C. 94, 102, 176 S.E. 2d 161, 165-66 (1970). In order to prevent dismissal under G.S. 1A-1, Rule 12(b)(6), "a party must (1) give sufficient notice of the events on which the claim is based to enable the adverse party to respond and prepare for trial, and (2) 'state enough to satisfy the substantive elements of at least some legally recognized claim. . . .' (Citations omitted.)" *Hewes v. Johnston*, 61 N.C. App. 603, 604, 301 S.E. 2d 120, 121 (1983).

[2] In the instant case, plaintiff seeks to hold the defendant parents liable for the wrongful act of their son. It has long been established that the mere fact of parenthood does not make individuals liable for the wrongful acts of their unemancipated minor children. *See Moore v. Crumpton*, 306 N.C. 618, 295 S.E. 2d 436 (1982). However, liability has been imposed on parents for the torts of their minor children in limited circumstances. In *Langford v. Shu*, 258 N.C. 135, 128 S.E. 2d 210 (1962), a parent was held liable for her participation in and consent to a practical joke played on a neighbor by her children which caused the neighbor to fall and injure herself. Our Supreme Court stated the rule of parental liability as follows:

> "Apart from the parent's own negligence, liability exists only where the tortious act is done by the child as the servant or agent of the parent, or where the act is consented to or ratified by the parent. . . . 'a parent may be liable for the consequences of failure to exercise the power of control which he has over his children, where he knows, or in the exercise of due care should have known, that injury to another is a probable consequence . . . . Failure to restrain the child, it is said, amounts to a sanction of or consent to his acts by the parent. . . . (A)s in all negligence cases, the issue in the last analysis is whether the parent exercised reasonable care under all the circumstances. . . .' (Citations omitted.)"

*Id.* at 139, 128 S.E. 2d at 212-13. *Langford* and other earlier cases may be interpreted as limiting a parent's liability for the acts of

his child to those situations in which the parent specifically approved the act of the child or in which the child acted strictly in the capacity of servant or agent for the parent.

In *Moore, supra,* at 623, 295 S.E. 2d at 440, our Supreme Court, while affirming a judgment dismissing an action against the parents for an assault by their minor son, stated "[t]he correct rule is that a parent of an unemancipated child may be held liable in damages for failing to exercise reasonable control over the child's behavior if the parent had the ability and the opportunity to control the child and knew or should have known of the necessity for exercising such control. (Citations omitted.)" We believe that under either *Langford* or *Moore* it was error to dismiss the action. Under the allegations of the complaint, the plaintiff could prove that the father ratified and consented to the tortious acts of his son by ignoring the plaintiff's pleas for help and by failing to take any action to stop the son, and that the mother acted in concert with the son by assaulting plaintiff's companion. This would be specific approval of the child's action under *Langford* or failure to restrain the child's action when they had the power to do so under *Moore.* In either case, the defendants would be liable.

For the reasons stated in this opinion, we reverse the judgment of the superior court.

Reversed and remanded.

Judges BECTON and EAGLES concur.