TONY C. HARRIS v. DUKE POWER COMPANY, A CORPORATION

No. 8626SC300

(Filed 4 November 1986)

**Master and Servant § 10.1— discharge from employment—employment terminable at will**

Plaintiff failed to state a claim for breach of his employment contract where plaintiff's employment was terminable at will, and "Rules of Conduct" promulgated by defendant, which plaintiff contended were made an express part of his original contract of employment and which restricted defendant's right to terminate, stated by their own terms that their application was within defendant's discretion and stated that discharge from employment could take place "if warranted."

Judge PHILLIPS dissenting.

APPEAL by plaintiff from *Saunders, Chase B., Judge,* MECKLENBURG County Superior Court. Order entered 29 January 1986. Heard in the Court of Appeals 28 August 1986.

Plaintiff brought this action as a result of his discharge from employment by defendant Duke Power Company (Duke). In his complaint, plaintiff alleged that he had been employed by Duke since 1977, and had worked in the pipe fabrication shop of Duke's Catawba Nuclear Plant at Rock Hill, S.C. since 1983. He alleged that at the time of his employment, and throughout the course thereof, Duke maintained a written personnel policy providing, *inter alia*, for the terms and conditions of termination of employment for work-related conduct. According to the complaint, the policy categorized rules infractions into three classes, Class A, Class B, and Class C. Three Class A infractions within twelve months could result in termination of employment as could two Class B infractions within the same period. The most serious offenses were categorized as Class C offenses; an employee committing a single Class C offense was subject to discharge.

Plaintiff alleged that during the month of October, 1984, he performed a "tack" as requested by a fitter. Sometime later, he learned that the "tack" was being investigated, and he was questioned about it by two of Duke's management employees. On 14 November 1984, he was told by his foreman that his employment was being terminated for "B" and "C" violations, but Duke refused to provide him with a termination notice or to explain what

violations he had committed. He alleged that at the time of his discharge, he had no active "A" or "B" violations on his record. At most, he alleged, the "tack" which he performed amounted to "Concealing defective work," a Class B violation. Plaintiff alleged that the written personnel policy was made a part of his employment contract and that he had been discharged in violation thereof.

Duke moved to dismiss the complaint pursuant to G.S. 1A-1, Rule 12(b)(6) for failure to state a claim upon which relief can be granted. From an order granting Duke's motion and dismissing the action, plaintiff appeals.

*Russell, Sheely & Hollingsworth by Michael A. Sheely, and Edlestein & Payne, by M. Travis Payne, for plaintiff appellant.*

*Mullins & Van Hoy, by Philip M. Van Hoy, and Robert M. Bisanar for defendant appellee.*

MARTIN, Judge.

Plaintiff excepted and assigned error to (1) the dismissal of his tort claim for wrongful discharge, and (2) the dismissal of his claim for breach of his employment contract. He has not presented or discussed the issue of dismissal of his tort claim and we, therefore, conclude that he has abandoned that claim in this court. N.C. R. App. P. 28(a). The sole remaining issue is whether the complaint was sufficient to state a claim for relief against Duke for breach of its employment contract with plaintiff. We hold that it was not and affirm the order of the trial court.

In order to withstand a motion to dismiss made pursuant to Rule 12(b)(6), the complaint must give sufficient notice of the events and circumstances from which the claim arises, and must make allegations sufficient to satisfy the substantive elements of at least some recognizable claim. *Stanback v. Stanback,* 297 N.C. 181, 254 S.E. 2d 611 (1979); *Hewes v. Johnston,* 61 N.C. App. 603, 301 S.E. 2d 120 (1983). In considering the motion, the allegations contained within the complaint must be treated as true. *Smith v. Ford Motor Co.,* 289 N.C. 71, 221 S.E. 2d 282, 79 A.L.R. 3d 651 (1976).

Plaintiff contends that his complaint was sufficient to survive the motion to dismiss because he alleged that the personnel policy

promulgated by Duke became a part of his employment contract, and that Duke's failure to follow the terms and conditions for termination set out in the policy constituted a breach of his contract. We hold, however, that even if the policy was made part of the contract, plaintiff has no right to relief because his employment was terminable at Duke's will.

With few and narrow exceptions, North Carolina adheres to the common law rule that employment contracts of indefinite duration are terminable at the will of either party. *Still v. Lance*, 279 N.C. 254, 182 S.E. 2d 403 (1971); *Hogan v. Forsyth Country Club*, 79 N.C. App. 483, 340 S.E. 2d 116, *disc. rev. denied*, 317 N.C. 334, 346 S.E. 2d 14 (1986); *Walker v. Westinghouse Electric Corp.*, 77 N.C. App. 253, 335 S.E. 2d 79 (1985), *disc. rev. denied*, 315 N.C. 597, 341 S.E. 2d 39 (1986). "Where a contract of employment does not fix a definite term, it is terminable at the will of either party, with or without cause, except in those instances in which the employee is protected from discharge by statute." *Smith v. Ford Motor Co.*, *supra*, at 80, 221 S.E. 2d at 288, 79 A.L.R. 3d at 659.

In *Roberts v. Mills*, 184 N.C. 406, 114 S.E. 530 (1922), it was recognized that an additional agreement, which was itself enforceable under contract law, could restrict the employer's right to terminate at will. In that case, the employer offered in January to pay a 10% bonus at Christmas of the same year to employees employed continuously during that year. The plaintiff was discharged in September without bonus pay. The plaintiff alleged that he had intended to quit his job in January but stayed on because of the bonus. The Court ruled that while the agreement did not alter the terminable at will nature of the employment contract, it did create a right *quantum meruit* for the bonus that the plaintiff had earned up to the time of discharge.

More recently, this court held that where an employee gave additional consideration beyond the usual obligation of service to the employer, such additional consideration could give rise to a contract of employment for so long as the services were performed satisfactorily even though no definite term was agreed upon. *Sides v. Duke Hospital*, 74 N.C. App. 331, 328 S.E. 2d 818, *disc. rev. denied*, 314 N.C. 331, 333 S.E. 2d 490 (1985). In *Sides*, the plaintiff alleged that she moved to North Carolina from Michigan in reliance upon her defendant-employer's promises that

she could be discharged only for incompetence. The move from Michigan was, according to the *Sides* court, sufficient additional consideration to remove the plaintiff's employment contract from the terminable-at-will rule. Since the plaintiff alleged that she was discharged for reasons other than unsatisfactory performance, her complaint was sufficient to state a claim for breach of the employment contract.

In *Walker v. Westinghouse, supra,* another panel of this court suggested that unilaterally imposed employment manuals or policies, if expressly included in the employment contract, could restrict an employer's right to terminate an employee at will. Thus, in *Trought v. Richardson,* 78 N.C. App. 758, 338 S.E. 2d 617 (1985), *disc. rev. denied,* 316 N.C. 557, 344 S.E. 2d 18 (1986), the court recognized a claim for breach of an employment contract based on the provisions of an employer's personnel policy manual. In that case, the plaintiff alleged that she was required, at the time of her employment, to sign a statement that she had read the manual and agreed to abide by the regulations and benefits contained therein. The manual itself provided that an employee could be terminated *only* for cause, and that certain procedures were required for termination. Though the court did not expressly say as much, it apparently felt that because plaintiff was required to sign the statement, the manual became an express part of her contract of employment. The provisions of the personnel policy relating to the reasons and procedures for termination of employment were sufficiently specific to amount to an express contractual limitation on the right of the employer to terminate the plaintiff at its will. The plaintiff's allegations that she was discharged for reasons other than "for cause" and in violation of the required procedures were deemed sufficient to state a claim for breach of her employment contract.

In the present case, plaintiff does not contend that he furnished any consideration to Duke, other than the usual obligation of service, or that he entered into any supplemental agreement, in addition to his original contract of employment, which would restrict Duke's right to terminate his employment at its will. Thus, our decision in *Sides* affords him no relief. Rather, plaintiff alleges that the "Rules of Conduct," unilaterally promulgated by Duke, were made an express part of his original contract of employment and that the "Rules" restrict Duke's right to terminate. We find no such restriction.

Harris v. Duke Power Co.

The "Rules of Conduct," attached to plaintiff's complaint, contain provisions similar to those in *Walker v. Westinghouse, supra*. They state that they "are not intended to be all-inclusive. They serve as examples of the types of offenses that require disciplinary action." Discharge from employment is provided for "if warranted." The application of the "Rules of Conduct" is, by the terms thereof, within Duke's discretion rather than restrictive of its right to terminate employment. *See Walker, supra*. Moreover, neither the allegations of the complaint nor the provisions of the "Rules of Conduct" disclose any representation that Duke would not discharge plaintiff except "for cause." Thus, our decision in *Trought v. Richardson, supra*, is not applicable and we are bound by the holding in *Walker*. Plaintiff's employment, being of indefinite duration and not otherwise protected from termination by statute or contract, was terminable at Duke's will and the trial court properly dismissed plaintiff's claim for breach of contract. *Still v. Lance, supra, Nantz v. Employment Security Comm.*, 290 N.C. 473, 226 S.E. 2d 340 (1976).

As ably discussed by Judge Eagles in *Walker*, we recognize that a number of jurisdictions are, upon varying theories, limiting or abandoning the application of the employment-at-will doctrine, particularly where employee manuals are involved. *See also*, Note, *Employee Handbooks and Employment-at-Will Contracts*, 1985 Duke L.J. 196 (1985). We must, however, apply the law of North Carolina as established by our Supreme Court. *Cannon v. Miller*, 313 N.C. 324, 327 S.E. 2d 888 (1985). Accordingly, we hold that plaintiff has failed to state a cognizable claim for breach of his employment contract.

Finally, we note that defendant has cited as authority, and quoted extensively from, an unreported opinion of this court filed in 1984. We have declined to consider the cited case in reaching our decision and remind counsel of the provisions of Rule 30(e) of the North Carolina Rules of Appellate Procedure, which explicitly states: "[a] decision without a published opinion is authority only in the case in which such decision is rendered and should not be cited in any other case in any court for any purpose. . . ."

Affirmed.

Judge WELLS concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

In my opinion this is a simple, well pleaded breach of contract suit that was improperly dismissed at the pleading stage. Except for legal inhibitions and limitations irrelevant to this case, employers and employees no less than others have the right under our law to contract as they see fit. Plaintiff's complaint clearly and explicitly alleges that the parties entered into a valid employment contract in which it was agreed that he would be dismissed only for certain stated causes, that the defendant breached the contract by firing him for a cause not agreed to, and plaintiff was damaged as a consequence. Thus, a claim for which our law has always authorized relief has been alleged and plaintiff is entitled to the opportunity to prove it.

Nor in my opinion is the case controlled by *Walker v. Westinghouse Electric Corp.*, 77 N.C. App. 253, 335 S.E. 2d 79 (1985), *disc. rev. denied*, 315 N.C. 597, 341 S.E. 2d 39 (1986); because in *Walker* the employer expressly retained the discretionary right to do as it saw fit, which this employer did not do so far as plaintiff's complaint shows. Furthermore, if the parties did contract that plaintiff would be discharged only upon certain conditions, as plaintiff alleges, the employment was not nevertheless at will as the majority states, but an employment subject to being terminated upon the conditions stated, a different matter altogether. For if there was a valid contract it necessarily follows that defendant was obligated to follow the contract and did not have the right to violate it at will. I also disagree with the determination that as a matter of law the alleged contract was entered into without consideration. The complaint alleges that there was mutual consideration for the contract and in my view the allegation is not necessarily unprovable. Certainly, protection against being arbitrarily discharged from one's job can be a valuable consideration to anyone accepting employment, and acquiring a stable and secure work force can be a valuable benefit to any employer. Whether the parties entered into a valid contract and, if so, what its terms and considerations were are not questions of law, but fact, and I vote to return the case to the trial court for resolution in the usual way.