CYNTHIA J. KUDER, PLAINTIFF v. THOMAS E. SCHROEDER, DEFENDANT

No. 9220DC425

(Filed 1 June 1993)

**Husband and Wife § 3 (NCI4th)— repayment for wife's support through law school—oral agreement unenforceable**

Plaintiff wife was not entitled to recover for breach of an oral agreement allegedly entered into by the parties after their marriage that plaintiff would forego her career as a veterinarian and work as a teacher in a community college to provide total financial support for their family while defendant husband obtained an undergraduate degree, worked on a master's degree, and obtained a law degree, and that defendant husband would thereafter provide the family's total support so that plaintiff could devote her full time to being a wife and mother, since each spouse has a personal duty arising from the marital relationship to support the other, and this duty of support may not be abrogated or modified by the agreement of the parties to a marriage.

**Am Jur 2d, Husband and Wife §§ 8, 329-338.**

Judge WYNN concurring.

Judge GREENE dissenting.

Appeal by plaintiff from order filed 30 January 1992 in Moore County District Court by Judge Michael E. Beale. Heard in the Court of Appeals 1 April 1993.

Plaintiff brought this action seeking a divorce from bed and board, child support, and alimony. Additionally, plaintiff asserted claims for breach of contract, unjust enrichment, and punitive damages related to the breach of contract claim. Defendant answered in apt time and moved to dismiss.

In an order dated 27 February 1991, the trial court dismissed plaintiff's alimony claim on the grounds that she had not alleged that she was a dependent spouse. Plaintiff has not appealed from that order. In a subsequent order entered 22 January 1992, the trial court dismissed plaintiff's claims for breach of contract, unjust enrichment, and punitive damages on the grounds that plaintiff had failed to state a claim upon which relief could be granted. It is from that order that plaintiff has appealed.

*Evans and Riffle Law Offices, by John B. Evans, for plaintiff-appellant.*

*Brown & Robbins, by G. Les Burke and Carol M. White, for defendant-appellee.*

WELLS, Judge.

A motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) tests the sufficiency of a complaint to state a claim upon which relief can be granted. *See Stanback v. Stanback*, 297 N.C. 181, 254 S.E.2d 611 (1979). While the allegations in the complaint must be taken as true, the complaint must nevertheless be sufficient to satisfy the elements of some cognizable claim. *Id. See also Harris v. Duke Power Co.*, 83 N.C. App. 195, 349 S.E.2d 394 (1986), *aff'd*, 319 N.C. 627, 356 S.E.2d 357 (1987).

Plaintiff's claims at issue in this appeal are based upon the following essential allegations:

Plaintiff and defendant were married in March of 1978. One child was born to their marriage in June of 1984. After plaintiff and defendant were married, they entered into an oral agreement that plaintiff would forego her career as a veterinarian and would work as a teacher in a local community college to support their family in order that defendant might pursue his undergraduate

**KUDER v. SCHROEDER**

[110 N.C. App. 355 (1993)]

education at the University of North Carolina in Chapel Hill. Defendant agreed that upon the completion of his undergraduate studies, he would provide the family's total support, so that plaintiff could then give up her employment and devote her full time to being a wife and mother. Pursuant to this agreement, plaintiff did work and provide the sole support for their family. Plaintiff and defendant subsequently amended or extended their agreement to allow defendant to obtain a master's degree and a law degree. Following his graduation from law school, defendant was unable to earn sufficient income to fully support the family, but in December of 1989, defendant obtained a position with a law firm which provided him with sufficient income to fully support the family. Three months later, in April of 1990, defendant told plaintiff he no longer loved her and that there was no hope for their marriage; whereupon, the parties separated.

Plaintiff contends that the oral agreement asserted by her in her complaint is a valid and binding contract, entitling her to damages for its breach. Taking plaintiff's allegations as true, we are sympathetic to her apparent dilemma, and certainly would not condone defendant's apparent knavish ingratitude, but we do not find support in the law of this State for such a claim and therefore hold that the trial court correctly dismissed plaintiff's claims.

Under the law of this State, there is a personal duty of each spouse to support the other, a duty arising from the marital relationship, and carrying with it the corollary right to support from the other spouse. *See N.C. Baptist Hospitals v. Harris*, 319 N.C. 347, 354 S.E.2d 471 (1987). So long as the coveture endures, this duty of support may not be abrogated or modified by the agreement of the parties to a marriage. *See Ritchie v. White*, 225 N.C. 450, 35 S.E.2d 414 (1945). *See also generally Lee, N.C. Family Law*, §§ *16.4 and 183* (4th ed. 1980)

Plaintiff's reliance on our decision in *Suggs v. Norris*, 88 N.C. App. 539, 364 S.E.2d 159, *cert. denied*, 322 N.C. 486, 370 S.E.2d 236 (1988) is misplaced. In that case, we sanctioned a claim for remuneration for services performed in a business (farming) enterprise by a person who was cohabiting with, but not married to, a deceased cohabitor. The facts and ruling in that case are in no sense relevant to the facts and issues presented in the case now before us.

For the reasons stated, the trial court's order must be and is

Affirmed.

Judge GREENE dissents in a separate opinion.

Judge WYNN concurs in a separate opinion.

Judge GREENE dissenting.

I agree with the majority, but for a different reason, that the trial court correctly dismissed plaintiff's breach of contract action. I, however, would reverse the trial court's dismissal of plaintiff's claim for unjust enrichment.

I reiterate the allegations of plaintiff's complaint in order to provide a fuller appreciation of the facts at issue. Plaintiff and defendant were married on 17 March 1978, in Sanford, North Carolina. On 19 June 1984, the parties' only child was born. During the entire course of the marriage, plaintiff, a veterinarian, worked as a teacher at a local community college. She provided total financial support for the family. Upon their marriage, plaintiff and defendant agreed that plaintiff would remain in her teaching position in order to ensure a steady source of income for the family while defendant returned to school full-time to complete his undergraduate education at the University of North Carolina. Plaintiff also agreed that she would have only one child while defendant was in school. In return, defendant agreed that he would provide the family's total financial support upon the completion of his undergraduate studies, at which time plaintiff could achieve her goal of becoming a full-time wife and mother. Pursuant to this agreement, plaintiff taught and provided the family's sole source of income, including the income for defendant's education, with the expectation that she would soon be able to remain at home and raise a family.

Defendant obtained his undergraduate degree as planned; however, defendant decided upon graduation that he wanted to earn a Master's degree as well. The parties decided to extend their original agreement for a period which would allow defendant to achieve this goal. After two years, however, defendant discontinued his efforts to obtain a Master's degree and decided instead to enroll in law school at UNC. Again, the parties extended their original agreement in order to allow defendant to complete law school. Plaintiff continued to work and provide all of the family's

income. Defendant continued to devote his time to completing his education.

Upon graduation from law school, defendant told plaintiff that, instead of entering the private practice of law, he wanted to start his own legal research business. The parties, plaintiff reluctantly, once more extended their original agreement, with plaintiff continuing to work in order to ensure a steady income for the family until defendant's business became profitable. Plaintiff, who by this time had reached the age of forty, also agreed to forego having more children. In his first two years of self-employment, defendant failed to earn enough money to fully support the family.

In December, 1989, defendant obtained a position with a law firm in Charlotte, North Carolina, with a starting salary of approximately $38,000.00 per year. For the first time during eleven years of marriage, defendant was able to provide total financial support for the family. Three months later, however, in April, 1990, defendant told plaintiff that he no longer loved her and that there was no hope for their marriage, and the parties separated.

### Breach of Contract

I agree with the majority that arising out of the marital relationship there is the equal duty of each spouse to support the other spouse, and that a spouse may not recover for support provided in the discharge of the duties imposed by the marital status. It has long been observed by our Courts, however, that a husband and wife are free to contract for the performance of services or the rendering of support *outside* those duties. *See Dorsett v. Dorsett*, 183 N.C. 354, 356, 111 S.E. 541, 542 (1922) (wife entitled to compensation where, pursuant to an agreement with her husband, she renders services outside the home); *accord Ritchie v. White*, 225 N.C. 450, 455, 35 S.E.2d 414, 417 (1945); *see also* N.C.G.S. § 52-10 (1991) (contracts between husband and wife not inconsistent with public policy are valid). In my opinion, the type of support furnished by plaintiff in the instant case is outside the scope of the marital duty of support as recognized by our Courts. Therefore, plaintiff and defendant were not precluded from entering, as husband and wife, into the agreement at issue.

Even assuming, as the majority apparently does, that plaintiff's contribution to defendant's educational endeavors falls within her spousal duty of support, I question the continued validity of the

rule that the duty of support arising out of the marital relationship cannot be modified by the agreement of the parties. Our Legislature currently recognizes the validity of contracts which modify or abrogate the marital duty of support, provided that such contracts are entered into before marriage and are in contemplation of marriage, or are entered into upon separation of the parties. *See* N.C.G.S. § 52B-1 *et seq.* (1987); N.C.G.S. § 52-10.1 (1991). Parties are also permitted before, *during*, or after marriage to provide in a written agreement for distribution of marital property in a manner deemed by the parties to be equitable. N.C.G.S. § 50-20(d) (Supp. 1992). Moreover, our Courts recognize the validity of an agreement of the type at issue provided that the parties to such agreement are unmarried cohabiting partners. *See Suggs v. Norris*, 88 N.C. App. 539, 364 S.E.2d 159, *cert. denied*, 322 N.C. 486, 370 S.E.2d 236 (1988) (citing *Marvin v. Marvin*, 557 P.2d 106 (Cal. 1976)). I find it incongruous that, given a cohabiting partner on the one hand and a spouse on the other hand, both of whom pursuant to an agreement provide total financial support for their partner in order for that partner to obtain a degree, an advanced degree, or a professional license with the expectation that both parties would benefit therefrom, upon the dissolution of the relationship, the cohabiting partner is entitled to compensation for such contribution to the educational achievements of his partner, but a spouse who made the same contribution is not. I am at a loss to understand the "public policy" supporting such a rule.

In the instant case, I agree with the majority that the trial court properly dismissed plaintiff's claim for breach of contract, but for a different reason. It is a basic principle of contract law that, even if the parties intend to contract, an agreement which is not reasonably certain as to its material terms is indefinite and will not be—because it *cannot* be—enforced by our Courts. *Matthews v. Matthews*, 2 N.C. App. 143, 147, 162 S.E.2d 697, 699 (1968); John D. Calamari & Joseph M. Perillo, *The Law of Contracts* § 2-9 (3d ed. 1987) [hereinafter *Calamari & Perillo*]. Generally, "material terms" include such items as subject matter, price, payment terms, quantity, quality, duration, time and place of performance, and so forth. *Calamari & Perillo* at § 2-9.

A review of the allegations in plaintiff's amended complaint relating to the terms of her alleged express oral contract with defendant, taken as true, reveals the agreement's pervasive and fatal lack of definiteness. Among other things, plaintiff fails to

KUDER v. SCHROEDER

[110 N.C. App. 355 (1993)]

allege that the parties agreed on any specific time period during which defendant was to complete his various educational efforts and plaintiff was to begin her pursuit as a full-time wife and mother. Nor is there any mention of the intended duration of plaintiff's role as full-time wife and mother. In addition, the parties never agreed on what amount of financial support plaintiff was obligated to provide for the parties' living expenses while defendant was in school or for defendant's educational expenses. Likewise, the complaint fails to allege the amount of financial support defendant was expected to provide once the parties switched breadwinner roles. Therefore, I would affirm the trial court's order dismissing this claim. *See Pyeatte v. Pyeatte*, 661 P.2d 196 (Ariz. App. 1983). Even though plaintiff's contract claim was properly dismissed, however, I believe that the trial court erred in dismissing plaintiff's claim for unjust enrichment, an issue which the majority fails to address.

## Unjust Enrichment

" 'A person who has been unjustly enriched at the expense of another is required to make restitution to the other.' " *Booe v. Shadrick*, 322 N.C. 567, 570, 369 S.E.2d 554, 555-56 (1988) (citation omitted); *Calamari & Perillo* at § 15-2 (citation omitted). In order to state a claim for unjust enrichment, the plaintiff's allegations must reveal that she rendered to the defendant services or support which conferred on the defendant a measurable benefit, that defendant accepted the services or support, and that "the services [or support] were rendered and accepted between the two parties with the mutual understanding that plaintiff was to be compensated for her efforts." *Suggs*, 88 N.C. App. at 544, 364 S.E.2d at 162; *Booe*, 322 N.C. at 570, 369 S.E.2d at 556. In other words, the beneficial services or support must not have been conferred officiously or gratuitously. *Booe*, 322 N.C. at 570, 369 S.E.2d at 556. In North Carolina, it is presumed that services or support provided by one spouse for the other are rendered gratuitously; however, this presumption may be rebutted "by proof of an agreement to [compensate], or of facts and circumstances permitting the inference that [compensation] was intended on the one hand and expected on the other." *Francis v. Francis*, 223 N.C. 401, 402, 26 S.E.2d 907, 908 (1943). The measure of damages in a claim for unjust enrichment is the reasonable value of the services or support to the defendant. *Booe*, 322 N.C. at 570, 369 S.E.2d at 556.

Courts in other jurisdictions when faced with situations such as the one presented by the facts of this case have allowed plaintiff spouses to go forward with their claims for restitution on the theory of unjust enrichment. *See, e.g., Pyeatte*, 661 P.2d at 207; *DeLa Rosa v. DeLa Rosa*, 309 N.W.2d 755 (Minn. 1981). Allowing such claims is eminently reasonable when one considers that, in North Carolina, the alternative leaves the non-student supporting spouse with virtually no remedy. This is so because the non-student supporting spouse has no right to alimony because he is not a "dependent" spouse. *See* N.C.G.S. §§ 50-16.1(3) and 50-16.2 (1987). Indeed, he has demonstrated the capability of supporting not only himself, but his spouse, and, often, children as well. And although North Carolina recognizes as distributional factors for purposes of equitable distribution of marital property contributions made by one spouse to help educate or develop the career potential of the other spouse, or which increase the value of the other spouse's professional license, N.C.G.S. §§ 50-20(b)(2) and 50-20(c)(7), (8) (Supp. 1992); *Geer v. Geer*, 84 N.C. App. 471, 353 S.E.2d 427 (1987), this remedy is of little value in cases where the student spouse leaves the supporting spouse immediately or soon after obtaining his professional license. This is so because the parties, after sacrificing in order to educate the student spouse, ordinarily have accumulated no marital assets of significant value. There is more often than not little, if any, marital property to distribute to the supporting spouse to "reimburse" him for his contribution to the student spouse's education. *Cf. Geer*, 84 N.C. App. at 478-81, 353 S.E.2d at 431-33 (generally approving of trial court's distributive award to husband who supported wife through medical school, which award was calculated by computing husband's total out-of-pocket payments directly attributable to wife's medical education). In addition, there will likely have been *no* increase in the value of the student spouse's professional license at this early point in his career.

In the instant case, plaintiff alleges in her amended complaint that she and defendant entered into an oral agreement pursuant to which, in exchange for plaintiff's provision of the family's financial support while defendant obtained an undergraduate degree, nearly obtained a Master's degree, obtained a law degree and law license, and embarked on his own business, plaintiff would be compensated. Her intended compensation was the opportunity to become, upon completion of defendant's education, a full-time wife and mother. Plaintiff alleges that, when the time arrived for defendant to fulfill

his obligations under the agreement, defendant told plaintiff that he no longer loved her and that their marriage was over, after which the parties separated. Plaintiff also alleges that her provision for eleven years of financial support for both defendant's living expenses so that he did not have to work, as well as defendant's educational expenses, has been of great value to defendant and has increased his earning potential, and that to permit defendant to retain the benefit of the services and support of plaintiff would unjustly enrich defendant.

Arguably, as previously discussed, plaintiff's contribution to defendant's educational accomplishments is outside the scope of her marital duty of support, and therefore is not presumed gratuitous. However, even assuming that her contribution falls within such duty, the allegations in plaintiff's complaint are sufficient to rebut the presumption that her efforts were rendered gratuitously. Based on the allegations in her complaint, I conclude that plaintiff has stated a claim for unjust enrichment, and would hold that the trial court erred in dismissing it. In doing so, I do not address the broader question of a spouse's right to bring an unjust enrichment claim, or a breach of contract action, against the other spouse beyond the facts presented in the instant case.

Judge WYNN concurring.

I concur fully in the majority opinion and write separately to point out that the law provides different protection for married couples and unmarried cohabitants, and to address the issue of unjust enrichment, on which the dissenting opinion invites comment.

First, the dissent submits that there is something incongruous in allowing an unmarried but cohabiting partner to enter into a valid contract regarding the support of the other partner, but not affording a married partner this same privilege. The marital relationship is bestowed special protections by the laws of North Carolina, protections that a cohabiting partner cannot claim. These include, for example: the right to have property held as tenants by the entireties, N.C. Gen. Stat. § 39-13.6 (1984); the right, upon the death of one's spouse, to dissent from an unfavorable bequest in the deceased's will, in favor of a larger portion of the estate, N.C. Gen. Stat. § 30-1 (1992); an entitlement to a year's allowance upon the death of one's spouse, N.C. Gen. Stat. § 30-15 (1992); and numerous rights arising from the dissolution of the marital relationship that

are not available to a cohabiting partner when his or her relationship comes to an end. *See generally* N.C. Gen. Stat. Chapter 50 (1987, Supp. 1992). Quite simply, the rules are different for married couples. *See Ritchie v. White*, 225 N.C. 450, 453, 35 S.E.2d 414, 416 (1945) (the moment the marriage relation comes into existence certain rights and duties spring into being). The dissent chooses to focus on one aspect of the law which does not grant a married person the same privilege as an otherwise similarly situated unmarried cohabitant in an effort to illustrate that the married couple is unduly restrained by our laws. The fact that the law does not allow a married couple to contract regarding spousal support, however, is not indicative of a general trend in the law to deprive married individuals of otherwise valid legal rights.

Second, having found, as the majority has, that an oral agreement existed between the parties in the present case pursuant to which the plaintiff wife agreed to support the defendant husband while he was in school, and having further found that there exists a personal duty of each spouse to support the other which duty cannot be modified by the parties to a marriage, the issue of unjust enrichment is easily resolved.

The doctrine of unjust enrichment is an equitable doctrine intended to require a recipient to pay for benefits received under circumstances in which it would be unfair for him or her to retain those benefits without compensating the benefactor. *Collins v. Davis*, 68 N.C. App. 588, 591, 315 S.E.2d 759, 761, *aff'd*, 312 N.C. 324, 321 S.E.2d 892 (1984). This principle, however, is inapplicable when the benefit is bestowed gratuitously or is in discharge of some obligation. *Atlantic Coast Line R.R. Co. v. State Highway Comm'n*, 268 N.C. 92, 96, 150 S.E.2d 70, 73 (1966) (railroad company not allowed to recover for widening railroad tracks under a theory of unjust enrichment where it was required to so act pursuant to statute). Each spouse has a duty to support the other during the course of the marriage, and, therefore, the wife in the instant case cannot now seek to be reimbursed for such support under a theory of unjust enrichment.

I note that the law has not abandoned spouses who find themselves in the situation of the plaintiff. The legislature has enacted the equitable distribution statute, pursuant to which support such as the plaintiff has rendered in the present case is a distributional factor supporting an unequal distribution of the marital

property. N.C. Gen. Stat. § 50-20(7). It is unfortunate that the circumstances of the present case are such that the marital estate consists of little property. To make up for this by reaching the result that the dissenting opinion urges, however, would result in unwarranted litigation in those situations where a supporting spouse claims recovery under a theory of unjust enrichment in an amount in excess of the value of the marital property. The ramifications of the dissent's view cannot be ignored, as they would clearly result in an alteration of the laws relating to divorce, alimony, and property division that is best left to the legislature.