TONY W. SHREVE v. DUKE POWER COMPANY AND LEWIS STULTZ

No. 8617SC477

(Filed 7 April 1987)

**1. Master and Servant § 10.2 — wrongful discharge — action barred by arbitration decision**

Where a collective bargaining agreement between defendant power company and plaintiff's union called for arbitration of labor disputes, the arbitra-

tor's decision that plaintiff was discharged for "just cause" was binding on plaintiff under N.C.G.S. § 95-36.8 and barred his claim for wrongful or retaliatory discharge.

**2. Torts § 1; Trespass § 2— intentional infliction of emotional distress—action against employer—failure to state claim**

Conduct alleged by plaintiff did not, as a matter of law, constitute extreme and outrageous conduct which would support a claim for intentional infliction of emotional distress where plaintiff alleged that defendant power company falsely represented to him that OSHA rules required employees to be clean-shaven in order to wear safety masks in certain work situations; defendant would demand from time to time that plaintiff shave his beard although plaintiff did not need to be clean-shaven in order to wear an air mask; once plaintiff was clean-shaven, the work requiring an air mask would be canceled or reassigned; and these actions were designed to harass plaintiff and get him to quit work.

APPEAL by plaintiff from *Wood, Judge.* Order entered 9 December 1985 in Superior Court, ROCKINGHAM County. Heard in the Court of Appeals 14 October 1986.

*C. Orville Light for plaintiff appellant.*

*Adams, Kleemeier, Hagan, Hannah & Fouts by Daniel W. Fouts and David A. Senter for defendant appellees.*

COZORT, Judge.

Plaintiff appeals the trial court's granting of summary judgment for defendants on plaintiff's claims for retaliatory discharge and intentional infliction of emotional distress. We affirm, holding (1) plaintiff's claim for retaliatory discharge is barred by G.S. § 95-36.8(b), and (2) as a matter of law plaintiff's allegations are insufficient to establish a claim for intentional infliction of emotional distress.

Plaintiff Tony Shreve, a sixteen-year employee with Duke Power, was discharged by Duke Power on 13 February 1984 for threatening a supervisor, Lewis Stultz. Under the terms of a collective bargaining agreement between Duke Power and International Brotherhood of Electrical Workers Local 962, the Union filed a grievance on 20 February 1984 seeking to have plaintiff reinstated. The parties could not resolve their differences, and the dispute was taken to binding arbitration pursuant to the terms of the collective bargaining agreement. The arbitration hearing was

held on 22 March 1985. On 23 May 1985 the arbitrator issued his decision denying the grievance, finding that Duke Power had just cause for discharging plaintiff because he made the following threat to Stultz:

> "Well, it may not be today, and it may not be tomorrow, and it may be next week, may be next month or next year, but you watch behind you everywhere you go, . . . because your ass is mine."

On 29 January 1985, prior to the arbitrator issuing his decision, plaintiff filed this action in Rockingham County Superior Court, alleging four causes of action: (1) defamation; (2) intentional infliction of emotional distress; (3) wrongful or retaliatory discharge; and (4) conspiracy. On 25 November 1985, defendants moved for summary judgment on plaintiff's claims for wrongful or retaliatory discharge and intentional infliction of emotional distress. On 9 December 1985 the court entered summary judgment in favor of defendants on the wrongful or retaliatory discharge and intentional infliction of emotional distress claims. Plaintiff abandoned his conspiracy claim and took a voluntary dismissal without prejudice on the defamation claim. He appealed the granting of summary judgment on the two other claims.

Summary judgment is proper where the pleadings or proof disclose that no cause of action exists. *Kessing v. National Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971). Where the only issues to be decided are issues of law, summary judgment is proper. *Wachovia Mortgage Co. v. Autry-Barker-Spurrier Real Estate, Inc.*, 39 N.C. App. 1, 249 S.E. 2d 727 (1978), *aff'd*, 297 N.C. 696, 256 S.E. 2d 688 (1979). When defendants establish a complete defense to plaintiff's claim, they are entitled to summary judgment. *Ballenger v. North Carolina Dept. of Revenue*, 59 N.C. App. 508, 296 S.E. 2d 836 (1982), *cert. denied*, 307 N.C. 576, 299 S.E. 2d 645 (1983). Taking the facts in the light most favorable to the plaintiff, a defendant is entitled to summary judgment where he shows that plaintiff cannot prove the existence of an essential element of his claim. Summary judgment is appropriate when the pleadings and forecast of evidence demonstrate that, as a matter of law, no claim exists. *Hogan v. Forsyth Country Club Co.*, 79 N.C. App. 483, 340 S.E. 2d 116, *disc. rev. denied*, 317 N.C. 334, 346 S.E. 2d 140 (1986).

The substance of plaintiff's wrongful or retaliatory discharge claim is that he was fired because he made suggestions pertaining to his safety and safe working conditions and contacted OSHA as to certain safety regulations. He contends summary judgment was improperly granted on the wrongful or retaliatory discharge claim because G.S. § 95-130(8) gives him a private right of action:

> No employee shall be discharged or discriminated against . . . because of the exercise by such employee on behalf of himself or others of any right afforded by this Article.

G.S. § 95-130(8). G.S. § 95-129 provides that employers shall furnish to their employees "a place of employment free from recognized hazards." G.S. § 95-130(1) provides that employees are to comply with occupational safety and health standards, and G.S. § 95-130(2) provides that employees are entitled to participate in the development of these safety standards by commenting on them and participating in hearings. Plaintiff reasons he has a private right of action based on the above cited statutes because he alleges he was fired because of his vocal safety concerns.

[1] We need not decide whether G.S. § 95-130(8) gives plaintiff a private right of action because we hold that plaintiff's wrongful or retaliatory discharge claim is barred by his participation in the binding arbitration.

G.S. § 95-36.8(b) provides that any arbitration award made pursuant to a written agreement to arbitrate labor disputes, "shall be final and binding upon the parties to the arbitration proceedings." The collective bargaining agreement between Duke Power and the Union called for arbitration of labor disputes. Plaintiff was the "grievant" in the arbitration proceedings. He has not alleged he was employed pursuant to any other contract of employment. The arbitrator's decision that plaintiff was discharged for "just cause" is binding on plaintiff and bars his claim for wrongful or retaliatory discharge. G.S. § 95-36.8(b); *Tucker v. General Telephone Co.*, 50 N.C. App. 112, 272 S.E. 2d 911 (1980).

[2] We next consider plaintiff's claim for intentional infliction of emotional distress. The elements of the tort of intentional infliction of emotional distress are: "(1) extreme and outrageous conduct, (2) which is intended to cause and does cause (3) severe emotional distress." *Hogan v. Forsyth Country Club Co.*, 79 N.C.

Shreve v. Duke Power Co.

App. at 487-88, 340 S.E. 2d at 119. The substance of plaintiff's claim of intentional infliction of emotional distress is that Duke Power falsely represented to him that OSHA Rules required the employees to be clean-shaven in order to wear certain safety masks in certain work situations, and that despite the fact that plaintiff did not need to be clean-shaven to wear the air mask, Duke Power would demand from time-to-time that plaintiff shave his beard. Plaintiff claims that once he was clean-shaven, the work requiring an air mask would be cancelled or reassigned. Plaintiff alleges these actions were designed to harass plaintiff and get him to quit. Plaintiff alleges these acts caused him extreme anxiety and mental distress.

In ruling on a motion for summary judgment, whether a defendant's alleged acts may be reasonably regarded as extreme and outrageous is initially a question of law. *See Briggs v. Rosenthal,* 73 N.C. App. 672, 676, 327 S.E. 2d 308, 311, *cert. denied,* 314 N.C. 114, 332 S.E. 2d 479 (1985); *Hogan v. Forsyth Country Club Co.,* 79 N.C. App. at 493-94, 340 S.E. 2d at 122-23. Conduct is extreme and outrageous when it " 'exceeds all bounds usually tolerated by a decent society.' " *Hogan v. Forsyth Country Club Co.,* 79 N.C. App. at 493, 340 S.E. 2d at 123, *quoting Stanback v. Stanback,* 297 N.C. 181, 196, 254 S.E. 2d 611, 622 (1979). We have carefully examined all of plaintiff's allegations regarding his claim for intentional infliction of emotional distress. We hold that the alleged acts may not be reasonably regarded as exceeding all bounds usually tolerated by a decent society so as to satisfy the first element of the tort, requiring a showing of extreme and outrageous conduct. *Hogan v. Forsyth Country Club Co.,* 79 N.C. App. at 494, 340 S.E. 2d at 123. Because the conduct alleged does not, as a matter of law, constitute extreme and outrageous conduct, plaintiff has not alleged a claim for intentional infliction of emotional distress, and summary judgment was properly granted against him.

In sum, we hold summary judgment was properly granted because (1) plaintiff's claim for wrongful or retaliatory discharge is barred by G.S. § 95-36.8(b), and (2) he has failed to state a claim for intentional infliction of emotional distress.

Affirmed.

Judges PHILLIPS and PARKER concur.