McKnight v. Simpson's Beauty Supply, Inc.

JAMES E. McKNIGHT v. SIMPSON'S BEAUTY SUPPLY, INC., AND ISSAC SIMPSON

No. 8627SC1256

(Filed 21 July 1987)

1. Master and Servant § 10.1— grounds for termination of employment—work performed in reasonably diligent manner—jury question

   In an action to recover for breach of an employment contract, there was no merit to defendant employer's contention that, as a matter of law, there was no question for the jury to decide because the contract expressly authorized defendant to terminate plaintiff's employment upon becoming dissatisfied with his services and the evidence indisputably showed defendant's dissatisfaction, since the contract, in fact, provided that defendant could discharge plaintiff only for failure to carry out his duties in a reasonably proper, diligent, and effective manner, and whether plaintiff did so was a question for the jury.

2. Torts § 1; Trespass § 2— punitive damages for intentional infliction of emotional distress—failure to show employer's conduct "outrageous"

   The trial court erred in directing verdict against plaintiff on his claim for intentional infliction of emotional distress and punitive damages based on plaintiff's failure to produce expert medical testimony that he suffered such distress, but such error was not prejudicial because plaintiff's evidence was insufficient to establish the first element of this cause of action, that is, that defendant's conduct in dismissing him was "outrageous."

APPEAL by plaintiff and defendant corporation from *Sitton, Judge.* Judgment entered 10 June 1986 in Superior Court, GASTON County. Heard in the Court of Appeals 1 June 1987.

Plaintiff sued defendants for (1) breach of a written contract to employ him for two years; (2) breach of an oral contract to reimburse him for his expenses in moving from Manassas, Virginia to Gastonia, North Carolina where defendant's business is situated; (3) intentionally inflicting emotional distress; and (4) punitive damages based on the intentional infliction of emotional distress claim. In answering the complaint defendants denied all claims and the corporate defendant counterclaimed for plaintiff's failure to repay a loan. By some means not disclosed by the record the individual defendant was removed from the case before trial, and at the close of plaintiff's evidence his claims for intentionally inflicting emotional distress and punitive damages were dismissed by a directed verdict. At the close of all the evidence plaintiff's other claims and the corporate defendant's counterclaim were submitted to the jury, whose verdict was to the effect that:

Defendant corporation breached its contract to employ plaintiff for two years and owed him $31,000; defendant corporation breached its contract to pay plaintiff's relocation expenses and owed him $1,500; and defendant corporation loaned plaintiff $4,500 that he had not repaid. From judgment entered on the verdict both parties appealed.

*Smith, Helms, Mulliss & Moore, by H. Landis Wade, Jr. and Elizabeth M. Quattlebaum, for plaintiff appellant-appellee.*

*James R. Finch for defendant appellee-appellant.*

PHILLIPS, Judge.

In its brief defendant appellant makes only two contentions; both concern the employment contract claim and neither has merit. As to that claim the evidence of both parties showed without dispute that though defendant contracted in writing to employ plaintiff for a period of two years it discharged him after a few months, and the only matter in dispute is the cause of plaintiff's discharge or defendant's right to discharge him. On that issue plaintiff's evidence tended to show that he did his work properly and defendant discharged him without just cause, while defendant's evidence tended to show that it was dissatisfied with plaintiff's work and had cause to fire him.

[1] The first contention is that as a matter of law there was no question for the jury to decide because the contract expressly authorized defendant to terminate plaintiff's employment upon becoming dissatisfied with his services and the evidence indisputably showed defendant's dissatisfaction. The contract provision that defendant relies upon in making this contention reads as follows:

> Employee agrees that he will at all times faithfully, industriously and to the best of his ability, experience and talent perform all of the duties that may be required of and from him pursuant to the express and implicit terms hereof, *to the reasonable satisfaction of employer.* (Emphasis supplied.)

Obviously, the writing does not support defendant's argument. The provision simply means that plaintiff agreed to perform his work to defendant's *reasonable satisfaction*; it does not mean, as

defendant in effect argues, that plaintiff agreed to satisfy defendant's unreasonable or capricious demands and was subject to dismissal if he did not. Thus, proving that it was dissatisfied with plaintiff's work did not end the matter and leave the jury with nothing to determine, as defendant maintains. In order to justify terminating plaintiff's employment before the agreed period ended defendant had to go further and show that its dissatisfaction was reasonable; and since plaintiff's evidence tended to show that he complied with all the contract terms and did his work in a proper manner, whether defendant's dissatisfaction with plaintiff was reasonable and whether it had just cause to dismiss him was an issue of fact for the jury, rather than one of law for the court. But the foregoing provision is not the only provision of the contract that bears upon plaintiff's obligations and defendant's termination rights. Two other provisions make it even clearer that defendant had no right to discharge plaintiff whenever it wanted to. One states that plaintiff was to be employed for two years "commencing on February 15, 1985 and terminating on February 15, 1987, subject, however, to prior termination as hereinafter provided"; and the other states, in substance, that defendant could terminate the contract upon plaintiff either becoming unable to do the work or upon his failure or refusal to do it. Still another provision concerning plaintiff's duties was incorporated into the contract by operation of law; for the law implies a promise on the part of every employee to serve his employer faithfully and discharge his duties with reasonable diligence, care and attention. *Wilson v. McClenny*, 262 N.C. 121, 136 S.E. 2d 569 (1964). These are the provisions that established the duties and rights of the parties; none of them gave defendant the right to fire plaintiff upon merely becoming dissatisfied with his services; under them defendant could discharge plaintiff only for not carrying out his duties in a reasonably proper, diligent, and effective manner.

Defendant's other contention, that the court failed to properly instruct the jury regarding its right to dismiss plaintiff for just cause, cannot be entertained because it is not based upon an appropriate exception and assignment of error. Rule 10(a), N.C. Rules of Appellate Procedure. The assignment and exception that defendant refers to as supporting this contention concerns the court's alleged failure to charge the jury on plaintiff's duty to mitigate the damages — a position not argued here and thus aban-

doned. Rule 28(b), N.C. Rules of Appellate Procedure. Furthermore, the instruction that the court gave the jury concerning defendant's right to discharge plaintiff for "just cause" appears to be correct.

[2] In his appeal plaintiff makes only one contention that requires determination, and that is that the court erred in dismissing his claim for the intentional infliction of emotional distress and punitive damages. In directing verdict against that claim the court expressly based it on plaintiff's failure to produce expert medical testimony that he suffered such distress. This was error. Though expert medical testimony may be necessary to establish that some types of emotional distress were suffered or that it was caused by a defendant's outrageous conduct, such testimony was not indispensable to a jury trial on plaintiff's claim. To have a jury trial on that issue plaintiff only had to present competent evidence that he suffered emotional distress and that it resulted from defendant's conduct; and his evidence that he was "shocked" and "upset" following the abrupt, unexplained termination of his employment without cause met that requirement. Which is not to say, of course, that medical testimony is not necessary when the claimed result is an unusual emotional state, not within the common knowledge and experience of laymen, that in itself requires medical diagnosis. Our holding is simply that the jury was capable of determining without the aid of a physician or psychiatrist whether plaintiff was shocked and upset following his abrupt, unexplained dismissal and whether such feelings were caused by defendant's conduct. Nevertheless, the error was not prejudicial, because plaintiff's evidence was insufficient to establish the first element of this cause of action—to wit, that defendant's conduct in dismissing him was "outrageous" within the contemplation of *Dickens v. Puryear*, 302 N.C. 437, 276 S.E. 2d 325 (1981) and Sec. 46 of Restatement (Second) of Torts (1965). Plaintiff's evidence tended to show only that the discharge was abrupt, without cause, and unexplained; which is not enough to support a claim for intentionally inflicting emotional distress, *Dickens v. Puryear*, *supra*, though it is enough to support a claim for breach of contract.

As to plaintiff's appeal—affirmed.

As to defendant's appeal—no error.

Chief Judge HEDRICK and Judge ORR concur.