OBERIA S. MULLIS v. THE PANTRY, INC.

No. 8811SC745

(Filed 2 May 1989)

1. **Master and Servant § 10.2— wrongful discharge—summary judgment for defendant—proper**

    The trial court properly granted summary judgment for defendant on a wrongful discharge claim where plaintiff admitted in her deposition that she was at no time discharged; she testified that her supervisor told her that she would no longer be the manager of store #331 in Sanford and that she would be put on a week's vacation and transferred to another store; she admitted that in all later conversations with corporate officials she was told she would be transferred to a store in another district; plaintiff was contacted by her zone manager several times and asked if she would be willing to transfer to another store in Sanford; plaintiff answered each time that she would only return to her original store; the zone manager called plaintiff to discuss a leave of absence after approximately one month and plaintiff terminated the conversation; plaintiff thereafter received a registered letter from the zone manager stating that plaintiff should give him notice of her decision whether or not to transfer by 9 July 1984; and plaintiff responded through her attorney that she wanted to return to her original store.

2. **Trespass § 2— wrongful discharge—intentional infliction of emotional distress—summary judgment for defendant—proper**

    The trial court properly granted summary judgment for defendant in a claim for intentional infliction of emotional distress arising from an alleged wrongful discharge where no construction of the forecast of evidence gives rise to an issue as to whether defendant's conduct was intended to inflict emotional distress or was done with reckless indifference to the likelihood that emotional distress could result.

MULLIS v. THE PANTRY, INC.

[93 N.C. App. 591 (1989)]

APPEAL by plaintiff from *Barnette, Judge.* Order entered 10 March 1987 in Superior Court, LEE County. Heard in the Court of Appeals 10 April 1989.

This is a civil action wherein plaintiff alleges in her complaint that she was wrongfully discharged while working as a manager for defendant. She also alleges intentional infliction of emotional distress caused by the extreme and outrageous conduct of defendant. Defendant filed a motion for summary judgment which was partially granted by the trial court on 10 March 1987. Plaintiff appealed.

*Edelstein and Payne, by M. Travis Payne, for plaintiff, appellant.*

*Spears, Barnes, Baker, Hoof & Wainio, by Cynthia Harrison Ruiz and J. Bruce Hoof, for defendant, appellee.*

HEDRICK, Chief Judge.

[1] Plaintiff first argues the trial court erred in granting summary judgment in the wrongful discharge claim because the materials before the court raised genuine issues of material fact. Plaintiff contends she was discharged by defendant and that "subsequent non-specific offers [by defendant] of employment at another store were made as offers of settlement."

The remedy of summary judgment is a drastic one and should be used with caution. *Billings v. Harris Co.*, 27 N.C. App. 689, 220 S.E. 2d 361 (1975), *aff'd*, 290 N.C. 502, 226 S.E. 2d 321 (1976). The party moving for summary judgment must show that no genuine issue of material fact exists and that, as a result, the movant is entitled to judgment as a matter of law. *Watts v. Cumberland County Hosp. System*, 317 N.C. 321, 345 S.E. 2d 201 (1986). Review of summary judgment on appeal is limited to whether the trial court's conclusions are correct as to the questions of whether there is a genuine issue of material fact and whether the movant is entitled to judgment. *Ellis v. Williams*, 319 N.C. 413, 355 S.E. 2d 479 (1987).

In the present case, we must find the trial court's conclusions were correct as to summary judgment on the wrongful discharge claim. By her own testimony in her deposition, plaintiff admits that she was at no time discharged. She testified that her supervisor, the district manager, told her on 31 May 1984 that she would no longer be the manager of store #331 located in Sanford.

He told her she would be put on a week's vacation and transferred to another store. She further admits in all later conversations with corporate officials she was told she would be transferred to a store in another district. Plaintiff was contacted by her zone manager, Eddie Garmon, several times and asked if she would be willing to transfer to another store in Sanford. Each time, plaintiff answered that she would only return to her original store. After approximately one month, Garmon called plaintiff to discuss a leave of absence. Plaintiff testified that she stated, "Eddie, I have nothing more to say to you," and plaintiff terminated the conversation. Thereafter, plaintiff received a registered letter from Garmon which stated that plaintiff should give him notice of her decision whether or not to transfer by 9 July 1984. Plaintiff responded to the letter through her attorney, notifying defendant that she wanted to return to her original store.

We hold there is no genuine issue of material fact presented by plaintiff. Plaintiff has brought forth no evidence of a discharge by defendant, wrongful or otherwise. Therefore, defendant was entitled to judgment as a matter of law. Summary judgment for defendant on the claim of wrongful discharge is affirmed.

[2] Plaintiff next argues the trial court erred in granting defendant's motion for summary judgment on her claim for intentional infliction of emotional distress. Plaintiff asserts that there are substantial issues of fact raised by the evidence presented to the trial court.

The tort of intentional infliction of emotional distress was first recognized by our Supreme Court in *Stanback v. Stanback*, 297 N.C. 181, 254 S.E. 2d 611 (1979). There the Court stated that liability arises under this tort when a defendant's "conduct exceeds all bounds usually tolerated by decent society" and, the conduct "causes mental distress of a very serious kind." *Id.* at 196, 254 S.E. 2d at 622, *quoting* Prosser, *The Law of Torts* Sec. 12, p. 56 (4th ed. 1971). In *Dickens v. Puryear*, 302 N.C. 437, 276 S.E. 2d 325 (1981), our Supreme Court held that intentional infliction of emotional distress consists of: 1) extreme and outrageous conduct, 2) which is intended to cause emotional distress or is done with reckless indifference to the likelihood that emotional distress may result, and 3) severe emotional distress does result.

We have carefully examined plaintiff's allegations regarding her claim for intentional infliction of emotional distress. We hold

that no construction of the forecast of evidence gives rise to an issue as to whether defendant's conduct was intended to inflict emotional distress or was done with reckless indifference to the likelihood that emotional distress may result. Summary judgment for defendant on this claim, like the other, is affirmed.

Affirmed.

Judges WELLS and EAGLES concur.