MARY FAULKENBERRY POSTON v. DWIGHT EDWARD POSTON

No. 9219DC1047

(Filed 7 December 1993)

1. **Husband and Wife § 1 (NCI4th)— marriage vows—not civil contract—commercial contract principles not applicable**

    The trial court properly granted plaintiff-wife's motion for a dismissal under N.C.G.S. § 1A-1, Rule 12(b)(6) of defendant-husband's counterclaim for breach of contract in an action for divorce and equitable distribution where defendant contended that plaintiff could be sued for breach of the mutual obligations made at the marriage ceremony. Commercial contract principles are not applicable to the marriage vows.

    **Am Jur 2d, Husband and Wife §§ 5-7.**

2. **Trespass § 2 (NCI3d)— adultery—intentional infliction of emotional distress—not extreme and outrageous conduct**

    The trial court did not err in an action for divorce and equitable distribution by granting plaintiff-wife's motion for a dismissal under N.C.G.S. § 1A-1, Rule 12(b)(6) of defendant-husband's counterclaim for intentional infliction of emotional distress arising from plaintiff's adultery. Defendant's allegation of adultery does not evidence the extreme and outrageous conduct which is essential to this cause of action.

    **Am Jur 2d, Trial § 770.**

POSTON v. POSTON

[112 N.C. App. 849 (1993)]

Appeal by defendant from order entered 29 July 1992 by Chief Judge Adam C. Grant in Cabarrus County District Court. Heard in the Court of Appeals 29 September 1993.

*Barbara D. Hollingsworth, P.A., by Barbara D. Hollingsworth, for plaintiff-appellee.*

*Cruse and Spence, by Thomas K. Spence, for defendant-appellant.*

WYNN, Judge.

Appellee brought action for absolute divorce and equitable distribution of marital property. Appellant filed an answer and counterclaims seeking damages for breach of the marriage contract and covenant and intentional infliction of emotional distress. The trial court granted appellee's motion to dismiss the counterclaims for failure to state a claim upon which relief could be granted. From that order, appellant appeals.

A motion to dismiss under N.C. Gen. Stat. § 1A-1, Rule (12)(b)(6) tests the sufficiency of a complaint to state a claim upon which relief can be granted. *Kuder v. Schroeder*, 110 N.C. App. 355, 430 S.E.2d 271 (1993); *Stanback v. Stanback*, 297 N.C. 181, 254 S.E.2d 611 (1979). Although the allegations of the complaint are taken as true, to withstand the motion the complaint must nevertheless be sufficient to satisfy the elements of at least some recognized claim. *Harris v. NCNB Nat'l Bank of North Carolina*, 85 N.C. App. 669, 355 S.E.2d 838 (1987).

[1] In his first counterclaim, appellant alleges appellee "notwithstanding her marriage vows and the marriage contract and covenant . . . has violated, and, presently, does violate the stipulations, agreements and conditions of the herein referred to contract and covenant." In his brief, appellant contends the mutual obligations made at the marriage ceremony are "between single persons who are about to enter into and are entering into the contractual status of husband and wife," and argues his wife can be sued for breach of this contract. We find no support in the law of this State for such a claim and therefore hold that the trial court properly dismissed this counterclaim.

It has long been held in this State that:

The marriage relation is a peculiar and important one. The courts treat it as a contract only in the sense that contract—

POSTON v. POSTON

[112 N.C. App. 849 (1993)]

consent of the parties—precedes it and is essential to its validity. But, when formed, it is more than a civil contract; it is a *relation*, an *institution*, affecting not merely the parties, like business contracts, but offspring particularly, and society generally.

*State v. Hairston*, 63 N.C. 451, 453 (1869).

We therefore conclude that commercial contract principles are not applicable to the marriage vows.

[2] In his second counterclaim, appellant charges that appellee "repeatedly exposed her mind and spirit and body to the sexual advances of a male resident of Rowan County, North Carolina." Appellant contends this conduct caused him "extreme mental anguish, distress, anxiety, physical damage, emotional damage, and financial losses and damage." Appellant asserts he met the requirements to establish a claim for intentional infliction of emotional distress and that the trial court erred in dismissing this claim. We disagree.

The elements of the tort of intentional infliction of emotional distress are: (1) extreme and outrageous conduct; (2) which is intended to cause and does in fact cause; (3) severe emotional distress. *Wilson v. Bellamy*, 105 N.C. App. 446, 414 S.E.2d 347, *disc. rev. denied*, 331 N.C. 558, 418 S.E.2d 668 (1992). Liability under this tort arises when the defendant's " 'conduct exceeds all bounds usually tolerated by decent society' and the conduct 'causes mental distress of a very serious kind.' " *Stanback*, 297 N.C. at 196, 254 S.E.2d at 622 (quoting Prosser, *The Law of Torts*, § 12 (4th ed. 1971) ).

We find that appellant's allegation of adultery does not evidence the extreme and outrageous conduct which is essential to this cause of action. *See Johnson v. Bollinger*, 86 N.C. App. 1, 356 S.E.2d 378 (1987). *See also Ruprecht v. Ruprecht*, 252 N.J. Super. 230, 599 A.2d 604 (1991) (allegation that wife had engaged in adulterous affair for last eleven years of parties' marriage does not state a cause of action for intentional infliction of emotional distress). Therefore the trial court properly dismissed this claim under Rule 12(b)(6).

For the reasons stated, the trial court's order is

Affirmed.

Chief Judge ARNOLD and Judge JOHN concur.