Dayal **PARDASANI**, Plaintiff,

v.

**RACK ROOM SHOES INC.**, Eric Snider, and Harvey Borden, Defendants.

No. 4:95CV00291.

United States District Court, M.D. North Carolina, Greensboro Division.

Jan. 22, 1996.

Nancy R. Gaines, Salisbury, North Carolina, for plaintiff.

Keith M. Weddington and Maureen R. Hall of Parker, Poe, Adams & Bernstein, L.L.P., Charlotte, North Carolina, for defendants.

## MEMORANDUM OPINION AND ORDER

HIRAM H. WARD, Senior District Judge.

This matter comes before the Court on defendants' Motion to Dismiss pursuant to Rule 12(b)(6) and on plaintiff's Motion to Amend the Complaint. For the reasons stated herein, the Motion to Dismiss will be granted in part and denied in part and the Motion to Amend the Complaint will be granted.

### FACTS

Plaintiff was hired by defendant Rack Room Shoes Inc. ("Rack Room") in April of 1991 as a program analyst. At the time of his employment, plaintiff was 51 years old. During his first year of employment, plaintiff received excellent evaluations from his project manager, Randy Phipps, and plaintiff was promoted to senior program analyst. In early 1992, Randy Phipps was transferred to another Rack Room location. Plaintiff informed the Management Information Systems Director, defendant Borden, that he would be interested in the position vacated by Mr. Phipps. Defendant Borden eventually hired defendant Snider to fill the vacancy. In his complaint, plaintiff alleges that at the time of Snider's hiring, defendant Snider was between 30 and 40 years of age and had less computer programming experience and training than did plaintiff.

Plaintiff further alleges that in early 1993, a Project Manager position became available for which plaintiff again expressed an interest. This position was filled by Dale Patterson. As with Snider, plaintiff alleges that Mr. Patterson was between 30 and 40 years of age with less computer programming experience and training than plaintiff.

Plaintiff contends that in February of 1994, he received a poor performance evaluation from his supervisor, defendant Snider. Plaintiff further contends that the poor performance evaluation was intended to prevent him from receiving promotions. Plaintiff al-

leges that younger, less experienced employees were given opportunities to participate in company sponsored training while plaintiff was not offered the opportunity to participate.

In February of 1994, plaintiff filed an age discrimination charge with the EEOC. In June and July of 1994, plaintiff received disciplinary actions and was placed on suspension for failing to finish assignments on schedule and for failure to comply with specifications. Plaintiff contends that younger employees did not receive similar disciplinary actions when they committed the same actions. Plaintiff filed retaliation charges with the EEOC on September 28, 1994. Two days after filing the retaliation charges, plaintiff was given a 90 day notice of termination.

Based on the above facts, plaintiff has filed this action alleging violation of 29 U.S.C. § 623 (Age Discrimination in Employment Act, "ADEA"), 42 U.S.C. § 2000e–3 (Retaliation), and Intentional and/or Negligent Infliction of Emotional Distress. These claims were filed on April 24, 1995. On August 28, 1995, plaintiff moved to Amend the Complaint in order to allege a violation of 42 U.S.C. § 2000e as a result of discrimination based on plaintiff's national origin. To support this additional claim, plaintiff alleges that he was born in Pakistan and that the employees that filed the positions for which plaintiff applied were all born in the United States.

Defendants have moved to dismiss the emotional distress claim with respect to all defendants and to dismiss all claims against defendants Snider and Borden in their individual capacity. Defendants Snider and Borden also oppose plaintiff's Motion to Amend the Compliant because they argue the amended claim would be futile.

## DISCUSSION

Defendant has moved to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion should only be granted in very limited circumstances. *Rogers v. Jefferson–Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir.1989). The Fourth Circuit has stated that "a motion to dismiss for failure to state a claim for relief should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Id.*

Based on *Rogers,* the question becomes whether the Complaint, taken in the light most favorable to plaintiff, states any valid claim for relief. In deciding whether a claim has been stated, Rule 8 of the Federal Rules of Civil Procedure requires only "notice pleading" such that a defendant receives fair notice from the complaint of the claim and the grounds on which the claim rests. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

### ADEA and Title VII Claims

Defendants Snider and Borden contend that they are not subject to liability under the ADEA or Title VII since neither defendant satisfies the statutory definition of an employer. The ADEA defines an employer as "a person engaged in industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year ... The term also means (1) any agent of such person ..." 29 U.S.C. § 630(b). Plaintiff appears to argue that defendants Snider and Borden are agents of Rack Room and as such are liable in their individual capacity.

The Fourth Circuit has held that individual supervisors cannot be held individually liable under Section 630(b) of the ADEA. *Birkbeck v. Marvel Lighting Corp.,* 30 F.3d 507 (4th Cir.1994). In a footnote, the *Birkbeck* court noted that supervisors cannot be held individually liable for "personnel decisions of a plainly delegable character." *Birkbeck* at 510, n. 1. The *Birkbeck* court did not elaborate on what "personnel decisions of a plainly delegable character" means but some assistance can be gleaned from the facts in the *Birkbeck* case.

The plaintiffs in *Birkbeck* claimed that they were terminated because of their age and defendants argued that the terminations

were a result of economic considerations. The plaintiffs in *Birkbeck* attempted to convince the court that supervisors with the authority to discharge should be subject to individual liability under the ADEA. The *Birkbeck* court decided that Section 630(b) is "an unremarkable expression of respondeat superior—that discriminatory personnel actions taken by an employer's agent may create liability for the employer." *Birkbeck* at 510. As a result, the *Birkbeck* court held that the individual defendants could not be held individually liable for making personnel decisions resulting in plaintiff being terminated.

Plaintiff cites *Paroline v. Unisys Corp.*, 879 F.2d 100 (4th Cir.1989) for the proposition that individual supervisors can be subjected to individual liability under Title VII. However, *Paroline* involved sexual harassment within the workplace and not a personnel decision of a plainly delegable character. Sexual harassment is not a personnel decision of a plainly delegable character since no employer could delegate authority to a supervisor to act as its agent for the purposes of engaging in sexually harassing conduct.

■ Making promotions and other normal personnel decisions are the type of actions that fall within the category of "personnel decisions of a plainly delegable character". Thus, supervisors making these types of decision are protected by the *Birkbeck* decision and cannot be held individually liable for violations of the ADEA. Plaintiff's ADEA claims with regard to defendants Snider and Borden involve plainly delegable decisions and as such neither defendant can be held personally liable. Accordingly, defendants Snider and Borden's Motion to Dismiss the claims for violation of 29 U.S.C. § 623(a) is Granted and these claims are dismissed.

■ However, the Fourth Circuit in *Paroline* has interpreted individual liability more broadly than did the *Birkbeck* court. In *Paroline*, the court addressed individual liability under Title VII and held that an individual qualifies as an "employer" if "he or she serves in a supervisory position and exercises significant control over the plaintiff's hiring, firing, or conditions of employment." *Paroline* at 104. While this interpretation of

employer differs from that in *Birkbeck*, this Court must apply the relevant law as established by the Fourth Circuit.

■ *Paroline* interpreted "employer" under a Title VII action and *Birkbeck* interpreted the term for an Age Discrimination action. The *Birkbeck* court attempted to limit the holding in *Paroline* to personnel decisions of a plainly delegable character. However, the *Paroline* decision does not make this limitation and until the Fourth Circuit decides en banc to limit *Paroline*, this Court must interpret the term "employer" under an Title VII action as established in the *Paroline* opinion. Accordingly, individual defendants can be held individually and personally liable for violation of 42 U.S.C. § 2000e *et seq.* Therefore, defendants' Motion to Dismiss the Title VII claims against defendants Snider and Borden is denied.

### Motion to Amend

■ Plaintiff has filed a Motion to Amend the original complaint in order to allege a violation of Title VII for discrimination due to national origin. Defendants Snider and Borden oppose this amendment on the grounds that it would be futile since they contend that they cannot be held individually liable for any violation of Title VII. As previously discussed, the decision in *Paroline* allows individual supervisors to be held individually and personally liable for violations of 42 U.S.C. § 2000e *et seq.* Thus, it would not be futile for plaintiff to allege individual liability for Title VII violations.

Plaintiff's Motion to Amend was filed two months after defendants answered the original compliant. According to Rule 15(a) of the Federal Rules of Civil Procedure, once the answer has been filed, a party may amend their complaint only by leave of court, however, leave of court shall be freely given when justice so requires. Defendants do not contend that they would be prejudiced by allowing the complaint to be amended. Likewise, defendants do not contend that their discovery process would be disadvantaged by allowing plaintiff to amend the complaint. Since Snider and Borden can be held individual and personal liable for violations of Title

VII and because there appears to be no prejudice to defendants, plaintiff's Motion to Amend the complaint will be granted.

**Intentional or Negligent Infliction of Emotional Distress Claim**

Plaintiff includes a claim for intentional or negligent infliction of emotional distress in the complaint. It is unclear which theory is being proposed by plaintiff, therefore, both theories will be addressed. In North Carolina, the essential elements for intentional infliction of emotional distress are "(1) extreme and outrageous conduct by the defendant, (2) which is intended to cause and does in fact cause, (3) severe emotional distress." *Waddle v. Sparks,* 331 N.C. 73, 414 S.E.2d 22 (1992).

In order for a defendant to be liable for intentional infliction of emotional distress, defendant's conduct must exceed "all bounds usually tolerated by decent society." *Dickens v. Puryear,* 302 N.C. 437, 276 S.E.2d 325 (1981). Plaintiff has alleged that he was given poor performance evaluations, not given promotions which were given to others, excluded from training and finally terminated from his employment. Assuming these allegation to be true, these actions do not rise to the level sufficient to exceed all bounds usually tolerated by decent society. Accordingly, defendants' Motion to Dismiss the claim for intentional infliction of emotional distress will be granted and the claim will be dismissed.

Plaintiffs complaint might also be interpreted as alleging a claim for negligent infliction of emotional distress. To satisfy this claim, plaintiff must allege that defendant (1) negligently engaged in conduct, (2) which was reasonably foreseeable would cause severe emotional distress and (3) the conduct did, in fact cause severe emotional distress. *Johnson v. Ruark Obstetrics & Gynecology Assoc., P.A.,* 327 N.C. 283, 395 S.E.2d 85 (1990).

Plaintiff is required to show that he suffered "emotional distress of a very serious kind" in order to prevail on a claim for negligent or intentional infliction of emotional distress. *Stanback v. Stanback,* 297 N.C. 181, 254 S.E.2d 611 (1979). Severe emotional distress has been further defined as "any emotional or mental disorder, such as, for example, neurosis, psychosis, chronic depression, phobia, or any other type of *severe or disabling* emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so." *Waddle* at 27.

Plaintiff only claims to have suffered "physical distress and the need for medical attention". Plaintiff fails to claim any "severe or disabling mental condition" which would be sufficient to state a cause of action for either intentional or negligent infliction of emotional distress. Thus, taking the facts in a light most favorable to plaintiff, he has failed to show that he has suffered the requisite degree of emotional distress necessary to maintain his cause of action for either intentional or negligent infliction of emotional distress. Accordingly, defendants' Motion to Dismiss the claim for negligent infliction of emotional distress will be granted and this claim will be dismissed.

**IT IS THEREFORE ORDERED,** that defendants' Motion to Dismiss claim one for violation of the ADEA be, and same hereby is, **GRANTED** for defendants Snider and Borden and those claims are **DISMISSED** as against Snider and Borden. **IT IS FURTHER ORDERED,** that defendants' Motion to Dismiss plaintiff's Title VII claims be, and the same hereby is, **DENIED** and that defendant's Motion to Dismiss plaintiff's third claim for Negligent or Intentional Infliction of Emotional Distress be, and the same hereby is, **GRANTED** for all defendants and those claims are **DISMISSED.**

**IT IS FURTHER ORDERED,** that plaintiff's Motion to Amend be, and the same hereby is, **GRANTED.**