GEORGE E. GROVES, Plaintiff-Appellant v. THE TRAVELERS INSURANCE COMPANY, CHRISTINE DE SIMONE, ANDY GREEN, and PORCELANITE, INC., F/K/A P&M TILE, INC., F/K/A MANNINGTON CERAMIC TILE, INC., Defendant-Appellees

No. COA99-831

(Filed 29 August 2000)

**1. Workers' Compensation— exclusive jurisdiction—bad faith—unfair and deceptive trade practices—civil conspiracy**

The trial court did not err by granting judgment on the pleadings as to plaintiff's claims for bad faith, unfair and deceptive trade practices, and civil conspiracy arising out of a refusal to pay a claim which arose from a workers' compensation claim involving an allegedly inaccurate videotape, because all of plaintiff's claims were within the exclusive jurisdiction of the Industrial Commission.

**2. Workers' Compensation— no exclusive jurisdiction—intentional infliction of emotional distress**

The trial court erred by granting judgment on the pleadings as to plaintiff's claim for intentional infliction of emotional distress arising out of a refusal to pay a claim which arose from a workers' compensation claim involving an allegedly inaccurate videotape, because: (1) an intentional infliction of emotional distress claim lies outside the exclusivity provisions of the Workers' Compensation Act; and (2) plaintiff has pled the elements of the tort.

Judge McGee concurring in part and dissenting in part.

Appeal by plaintiff from order entered 28 April 1999 by Judge Julius A. Rousseau, Jr., in Guilford County Superior Court. Heard in the Court of Appeals 18 April 2000.

*Donaldson & Black, P.A., by Jay A. Gervasi, Jr., and Rachel Scott Decker, for plaintiff-appellant.*

*Womble, Carlyle, Sandridge & Rice, PLLC, by Richard T. Rice and Garth A. Gersten, for defendant-appellees.*

EDMUNDS, Judge.

Plaintiff George E. Groves appeals the trial court's order granting judgment on the pleadings in favor of defendants. We affirm in part and reverse in part.

In 1994, plaintiff was employed as the production manager by defendant Porcelanite, Inc. (Porcelanite). During plaintiff's employment, defendant The Travelers Insurance Company (Travelers) provided workers' compensation insurance to Porcelanite.

On 12 August 1994, plaintiff became disabled as the result of a shoulder injury. He alleged that the injury was compensable because it resulted from repetitive motion required by his job. Plaintiff sought treatment from Dr. Robert V. Sypher, Jr., who diagnosed plaintiff as suffering from impingement and a probable rotator cuff tear. Based on plaintiff's description of his job duties, Dr. Sypher was of the opinion that the injury likely was related to plaintiff's employment. Accordingly, plaintiff submitted a workers' compensation claim to Travelers, which, through its agent defendant Christine De Simone, denied liability.

Sometime prior to 28 March 1995, defendants prepared a video tape purporting to demonstrate the functions of plaintiff's job. The video failed to show all aspects of plaintiff's job and allegedly omitted some of the job functions plaintiff contended were the cause of his injury. Defendants forwarded the video to Dr. Sypher, who reviewed the tape and changed his opinion that plaintiff's condition was job-related. Dr. Sypher then wrote a letter to defendants informing them that it was his opinion that plaintiff's condition was a result of age-related degeneration.

After a hearing on plaintiff's workers' compensation claim, plaintiff, Porcelanite, and Travelers entered into an Agreement of Final

GROVES v. TRAVELERS INS. CO.

[139 N.C. App. 795 (2000)]

Settlement and Release (Agreement). Pursuant to the Agreement, plaintiff agreed to dismiss his workers' compensation claim against Porcelanite and Travelers in return for a lump-sum payment of $13,000 plus payment of medical bills related to his injury.

Thereafter, on 30 March 1998, plaintiff brought suit against Travelers, De Simone, and Porcelanite alleging (1) intentional infliction of emotional distress, (2) bad faith, (3) unfair or deceptive trade practices, and (4) civil conspiracy. Defendants answered on 10 June 1998 and asserted as affirmative defenses the Agreement and the statute of limitations. Defendants filed a Motion for Judgment on the Pleadings on 2 July 1998. This motion was denied, but on 15 March 1999, defendants filed a Motion for Reconsideration of Judgment on the Pleadings, citing *Johnson v. First Union Corp.*, 131 N.C. App. 142, 504 S.E.2d 808 (1998), *disc. review allowed*, 349 N.C. 529, 526 S.E.2d 175, *review dismissed as improvidently granted*, 351 N.C. 339, 525 S.E.2d 171 (2000). On 28 April 1999, the trial court granted defendants' motion and entered judgment in favor of defendants. Plaintiff appeals.

[1] Plaintiff contends that his claims were outside of the exclusivity provision of the North Carolina Workers' Compensation Act and that the trial court accordingly erred in granting defendants' motion. Section 97-10.1 of the Act states:

> If the employee and the employer are subject to and have complied with the provisions of this Article, then the rights and remedies herein granted to the employee, his dependents, next of kin, or personal representative shall exclude all other rights and remedies of the employee, his dependents, next of kin, or representative as against the employer at common law or otherwise on account of such injury or death.

N.C. Gen. Stat. § 97-10.1 (1999). Plaintiff contends that "[i]n the case currently before this Court, the actions of the defendants as alleged do not fall within the exclusive jurisdiction of the Industrial Commission because the acts did not occur within the course and scope of employment." We disagree. All of plaintiff's claims except for his claim for intentional infliction of emotional distress are precluded by our holding in *Johnson*.

In *Johnson*, where the facts were virtually identical to those at bar, the plaintiffs allegedly suffered on-the-job injuries and filed

claims with the Industrial Commission seeking workers' compensation benefits. Both plaintiffs initially were diagnosed as suffering from job-related repetitive motion disorders. Defendants then prepared a videotape portraying the physical requirements of the plaintiffs' jobs. After viewing the tape, the physician withdrew diagnoses that the plaintiffs' injuries were job-related. When the plaintiffs' claims were rejected by the Industrial Commission, they filed suit alleging fraud, bad faith, unfair and deceptive trade practices, intentional infliction of emotional distress, and civil conspiracy, contending that the videotape was inaccurate and made with the intent of deceiving plaintiff's physician. The trial court dismissed the complaint for failure to state a claim for which relief could be granted. The plaintiffs appealed, and the defendants cross-appealed, arguing that while the trial court was correct in dismissing the suit, the dismissal should have been based upon lack of subject matter jurisdiction. We agreed with the defendants that all of the plaintiffs' claims were within the exclusive jurisdiction of the Industrial Commission and affirmed the trial court's dismissal. *See Johnson*, 131 N.C. App. at 145, 504 S.E.2d at 810.

[2] Plaintiff in the case at bar also alleged intentional infliction of emotional distress. This Court has long held that such a claim lies outside the exclusivity provision of the Workers' Compensation Act. *See Hogan v. Forsyth Country Club Co.*, 79 N.C. App. 483, 340 S.E.2d 116 (1986) (allowing plaintiff's claim for intentional infliction of emotional distress). The issue was one of first impression before the *Hogan* Court, which addressed the question directly and discussed at length the policy considerations behind its holding. *Hogan* has since been followed by this Court. *See Brown v. Burlington Industries, Inc.*, 93 N.C. App. 431, 378 S.E.2d 232 (1989). Accordingly, despite the suggestion in *Johnson* that such a claim is precluded, we address plaintiff's claim as to this issue.

To establish such a claim, plaintiff must have shown that defendants engaged in extreme and outrageous conduct that was intended to cause severe emotional distress, or were recklessly indifferent to the likelihood that such distress would result, and that severe distress did result from defendants' conduct. *See Dickens v. Puryear*, 302 N.C. 437, 452, 276 S.E.2d 325, 335 (1981). In his complaint, plaintiff alleged:

29. The defendants created the videotape and sent it to Dr. Sypher intentionally, which conduct was extreme and outra-

geous, with the intent to cause emotional distress to Groves, and said actions did, in fact, cause emotional distress to Groves.

30. As a result of said conduct, Groves suffered frustration and severe emotional distress, for which he is entitled to compensatory and punitive damages, in an amount to be determined at trial.

Although the level of proof required for such a claim is high, *see Waddle v. Sparks*, 331 N.C. 73, 84, 414 S.E.2d 22, 27-28 (1992), plaintiff has pled the elements of the tort. Under principles of notice pleading, a complaint is adequate if it gives a defendant sufficient notice of the nature and basis of the plaintiff's claim and allows the defendant to answer and prepare for trial. *See Gilchrist, District Attorney v. Hurley*, 48 N.C. App. 433, 269 S.E.2d 646 (1980). Therefore, the trial court erred in granting judgment on the pleadings as to plaintiff's claim for intentional infliction of emotional distress. The case is remanded to the trial court for further proceedings in accordance with this opinion.

Affirmed in part, reversed in part.

Judge GREENE concurs.

Judge McGEE concurs in part and dissents in part.

Judge McGEE concurring in part and dissenting in part.

I agree with the majority that plaintiff's claims for bad faith, unfair or deceptive trade practices, and civil conspiracy fall within the exclusive jurisdiction of the Industrial Commission. I respectfully disagree that the trial court erred in granting judgment on the pleadings as to plaintiff's claim for intentional infliction of emotional distress under the facts alleged by plaintiff.

To properly state a claim for intentional infliction of emotional distress, a plaintiff must allege that (1) the defendant engaged in extreme and outrageous conduct and (2) such conduct was intended to cause, and in fact did cause, severe emotional distress. *See Dickens v. Puryear*, 302 N.C. 437, 447, 276 S.E.2d 325, 332 (1981). Plaintiff has alleged a claim of intentional infliction of emotional distress specifically asserting that defendants "created the videotape and sent it to

Dr. Sypher intentionally, which conduct was extreme and outrageous, with the intent to cause emotional distress to [plaintiff]."

"The determination of whether the conduct alleged" is sufficiently "extreme and outrageous enough to support such an action is a question of law for the trial judge." *Lenins v. K-Mart Corp.*, 98 N.C. App. 590, 599, 391 S.E.2d 843, 848 (1990) (citation omitted). Conduct is extreme and outrageous when it is " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.' " *Briggs v. Rosenthal*, 73 N.C. App. 672, 677, 327 S.E.2d 308, 311 (1985) (quoting Restatement (Second) of Torts, § 46 cmt. d (1965)).

In this case, plaintiff essentially alleges that defendants prepared a videotape purporting to demonstrate the functions of plaintiff's job which failed to show all aspects of his job and allegedly omitted some of the job functions plaintiff contended were the cause of his injury. Defendants sent the videotape to plaintiff's physician, who reviewed the tape and changed his opinion that plaintiff's condition was job-related. While such alleged conduct might well be most objectionable, defendants' actions "may not be reasonably regarded as exceeding all bounds usually tolerated by a decent society so as to satisfy the first element of the tort, requiring a showing of extreme and outrageous conduct." *Shreve v. Duke Power Co.*, 85 N.C. App. 253, 257, 354 S.E.2d 357, 360 (1987) (citing *Hogan v. Forsyth Country Club Co.*, 79 N.C. 483, 340 S.E.2d 116 (1986)).

Plaintiff's claim for intentional infliction of emotional distress should be dismissed because the conduct alleged under this cause of action, even if true, does not rise to the level of behavior our courts previously have required. Assuming the allegations in plaintiff's claim to be true, these actions do not exceed all bounds usually tolerated by decent society. Our courts have appropriately held that allegations of actions by a defendant that rose to the level of "extreme and outrageous" conduct are actionable. *See, e.g., Hogan*, 79 N.C. App. at 494, 340 S.E.2d at 123 (sexual advances and harassment and threats of bodily injury sufficient to maintain claim for intentional infliction of emotional distress). However, in other employment actions, our courts have been reluctant to find intentional infliction of emotional distress claims actionable. *See, e.g., Haburjak v. Prudential Bache Securities, Inc.*, 759 F. Supp. 293 (W.D.N.C. 1991); *Mullis v. The Pantry, Inc.*, 93 N.C. App. 591, 378 S.E.2d 578 (1989); *McKnight v. Simpson's Beauty Supply, Inc.*, 86 N.C. App. 451, 358 S.E.2d 107

(1987). *But see Brown v. Burlington Industries, Inc.*, 93 N.C. App. 431, 378 S.E.2d 232 (1989). The tort of intentional infliction of emotional distress is reserved for conduct that is " 'utterly intolerable in a civilized community.' " *Hogan*, 79 N.C. App. at 493-94, 340 S.E.2d at 123 (citation omitted). Our Court in *Hogan* dismissed one plaintiff's claim for intentional infliction of emotional distress despite the fact that she alleged her manager refused her request for pregnancy leave, directed her to carry heavy objects weighing more than ten pounds, cursed at her, and refused her request to leave work to visit a hospital. *See id.* at 494, 340 S.E.2d at 123 (characterizing such alleged conduct as "unjustified under the circumstances" but not " 'extreme and outrageous' as to give rise to a claim for intentional infliction of emotional distress").

Like other cases in which our courts have found the alleged conduct fell short of establishing the tort, defendants' alleged actions do not rise to the level of conduct required to establish a claim of intentional infliction of emotional distress and as a matter of law, are insufficient to state such a cause of action. *See, e.g., Buser v. Southern Food Service, Inc.*, 73 F. Supp. 2d 556 (M.D.N.C. 1999) (termination of employee who refused to return to work from leave under Family and Medical Leave Act not "extreme and outrageous" conduct); *Pardasani v. Rack Room Shoes Inc.*, 912 F. Supp. 187 (M.D.N.C. 1996) (conduct not "extreme and outrageous" when the plaintiff alleged that he was given poor performance evaluations, denied promotions available to others, excluded from training, and finally terminated from his employment); *Dickens*, 302 N.C. 437, 276 S.E.2d 325 (physical abuse not sufficient); *Lorbacher v. Housing Authority of the City of Raleigh*, 127 N.C. App. 663, 493 S.E.2d 74 (1997) (alleged discharge for the purposes of deflecting responsibility for certain deaths and for retaliation of First Amendment rights not "extreme and outrageous" conduct); *Poston v. Poston*, 112 N.C. App. 849, 436 S.E.2d 854 (1993) (adultery not extreme and outrageous conduct); *Wilson v. Bellamy*, 105 N.C. App. 446, 414 S.E.2d 347 (1992) (some evidence of sexual battery, standing alone, not "atrocious"). The totality of defendants' actions simply is not comparable to cases in which our courts have imposed liability for intentional infliction of emotional distress. For example, defendants' actions did not involve physical abuse as in *Dickens*, sexual harassment as in *Hogan* and *Brown*, or threats, obscene gestures, and cursing as in *Wilson*. The conduct that sustained claims in those cases far exceeds in outrageousness the conduct experienced by plaintiff in this case. Accordingly, to the extent that plaintiff's complaint does not identify conduct that can be con-

sidered extreme and outrageous, he has not alleged a claim for intentional infliction of emotional distress; therefore, the trial court did not err in entering judgment in favor of defendants.

I respectfully disagree and dissent in part.