Joyce M. **REESE**;  and James Steven Reese, Plaintiffs,

v.

**MERITOR AUTOMOTIVE, INC.;  and John Robert Parr, individually, Defendants.**

No.  Civ.1:99CV56–T.

United States District Court, W.D. North Carolina, Asheville Division.

April 20, 2000.

Michelle Rippon, Van Winkle, Buck, Wall, Starnes & Davis, P.A., Asheville, NC, for Joyce M. Reese, James Steven Reese, plaintiffs.

Margaret H. Campbell, Ogletree, Deakins, Nash, Smoak & Stewart, Atlanta, GA, A. Bruce Clarke, Ogletree, Deakins, Nash, Smoak and Stewart, Raleigh, NC, for Meritor Automotive, Inc., defendant.

S.J. Crow, E. Thomison Holman, Adams, Hendon, Carson, Crow, & Saenger, PA, Asheville, NC, for John Robert Parr, individually, defendant.

## MEMORANDUM AND ORDER

THORNBURG, District Judge.

**THIS MATTER** is before the Court on Plaintiffs' and Defendants' timely filed objections to the Memorandum and Recommendation of United States Magistrate Judge Max O. Cogburn, Jr. Pursuant to standing orders of designation and 28 U.S.C. § 636, Defendant Meritor Automotive, Inc.'s ("Meritor") motion for summary judgment and Defendant John Robert Parr's ("Parr") motion for partial summary judgment were referred to the Magistrate Judge for a recommendation as to disposition. For the reasons stated below, the Court affirms in part the recommendation and dismisses Defendant Meritor from this suit.

## I. STANDARD OF REVIEW

The Court reviews *de novo* those portions of a Magistrate Judge's Memorandum and Recommendation to which specific objections are filed. 28 U.S.C. § 636(b). "The district judge must not be a rubber stamp" and "has a duty to reject the Magistrate Judge's recommendation unless, on *de novo* reconsideration, he or she finds it justified." 12 C. Wright, A. Miller & R. Marcus, *Federal Practice and Procedure* § 3070.2 (1997). Those parts of a Magistrate Judge's Memorandum and Recommendation to which no specific objections are filed are given careful review. *Orpiano v. Johnson,* 687 F.2d 44, 47 (4th Cir.1982).

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any matter of fact and that the moving party is entitled to summary judgment as a matter of law." Fed.R.Civ.P. 56(c). If a defendant makes such a showing, the burden shifts to the nonmoving party, the plaintiff, to convince the Court that a triable issue does exist. *Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir.1994) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the [plaintiff]." *Id.* To demonstrate a genuine issue and avoid summary judgment, the plaintiff must present specific and material evidentiary facts. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 364 (4th Cir.1985). The plaintiff may not rest on mere allegations alone. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Nor will a "mere scintilla of evidence" be sufficient to defeat summary judgment. *Stroud,* 13 F.3d at 798. If the plaintiff does not meet this burden, then summary judgment for the defendant is warranted as a matter of law.

In considering the facts of the case for purposes of this motion, the Court will view the pleadings and material presented in the light most favorable to Plaintiff as the nonmoving party. *Matsushita,* 475 U.S. at 574, 106 S.Ct. 1348.

## II. PROCEDURAL BACKGROUND

On March 29, 1999, Plaintiff Joyce Reese ("Plaintiff") initiated this action against her former employer, Meritor, and Parr, a former employee of Meritor. Plaintiff brought a claim against Meritor for sexual harassment pursuant to 42 U.S.C. §§ 2000e, *et. seq.,* as well as a state law claim for negligent infliction of emotional distress. Plaintiff also brought state law claims against Parr for battery, false imprisonment, and intentional/ negligent infliction of emotional distress. Plaintiff then amended her claim to assert a loss of consortium claim on behalf of her husband, James Reese. **Amended Complaint, filed August 23, 1999.** After discovery and the filing of dispositive motions, the Magistrate Judge entered a Memorandum and Recommendation denying Meritor's motion for summary judgment and allowing Parr's motion for partial summary judgment. Both Plaintiff and Meritor filed timely objections to the Memorandum and Recommendation.[1]

## III. DISCUSSION

### A. Claims Against Defendant Meritor

#### 1. *Hostile Work Environment Claim*

Plaintiff has alleged that she was sexually harassed in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C.A. § 2000e–16. Title VII sexual harassment violations are generally of two types of claims, *quid pro quo* or hostile work environment. Plaintiff has alleged

that based upon the conduct of one of her supervisors, her employer is responsible for creating a hostile work environment which caused her injury. To establish a hostile work environment claim, a plaintiff is required to prove four elements:

(1) the subject conduct was unwelcome; (2) it was based on the sex of the plaintiff; (3) it was sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) it was imputable to the employer.

*Spicer v. Com. of Virginia, Dept. of Corrections,* 66 F.3d 705, 710 (4th Cir.1995) **(en banc).** For the purposes of this action, the Court will assume that Plaintiff has met the first three elements, and must only demonstrate that the alleged conduct was imputable to her employer.

The Supreme Court recently articulated standards for imputing liability to employers in sexual harassment cases. *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998); *Faragher v. City of Boca Raton,* 524 U.S. 775, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998). Employing that standard, the Fourth Circuit held that an employer is vicariously liable "[w]henever sexual harassment by a supervisor takes the form of a 'tangible employment action' against a subordinate." *Brown v. Perry,* 184 F.3d 388, 394 (4th Cir.1999) (citing *Burlington,* at 762, 118 S.Ct. 2257). In such circumstances, "[n]o affirmative defense is available" on the issue of vicarious liability. *Id.* (citing *Burlington,* at 765, 118 S.Ct. 2257). However, when the supervisor has taken no tangible employment action against the victim of harassment, "a defending employer may raise an affirmative defense to liability or damages." *Id.* at 395 (citing *Faragher,* at 807, 118 S.Ct. 2275). This affirmative defense involves two elements

1. Plaintiff contends that Defendant Meritor's Objections to the Memorandum and Recommendation were not timely filed. Parties must file written objections within ten days of service of the Memorandum and Recommendation. 28 U.S.C. § 636(b)(1)(C). Pursuant

to Fed.R.Civ.P. 6(a), weekends and holidays are excluded in the computation of this time period and three days are added for mailing. Therefore, the Court finds Meritor's objections to be timely filed.

which must be met by a preponderance of the evidence: "(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Burlington*, at 765, 118 S.Ct. 2257. If the defending employer is able to meet these elements, then no liability will attach for the alleged harassing conduct of the supervisor. *Brown*, 184 F.3d at 395.

## A. Affirmative Defense is Available to Meritor

■ Because the Court will assume that Parr was Plaintiff's supervisor,[2] Meritor's ability to use the affirmative defense turns on whether Parr took any tangible employment action against Plaintiff as part of the alleged harassment. A 'tangible employment action' has been defined as "hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Mikels v. City of Durham*, 183 F.3d 323, 333 (4th Cir.1999); *accord*, *Burlington*, 524 U.S. at 761, 118 S.Ct. 2257 **(tangible employment action constitutes significant change in employment status and in most cases inflicts direct economic harm, is documented in official company records, and may be subject to review by higher level supervisors)**. The record indicates, and Plaintiff does not dispute, that she was never fired, transferred, or demoted by Parr or Meritor. Instead, Plaintiff contends that Parr would pick up Plaintiff's paychecks from the security de-partment and deliver them to Plaintiff. **Deposition of Joyce M. Reese, at 170–171.** The Magistrate Judge concluded that such conduct demonstrated Parr's "power to affect tangible employment benefits." **Memorandum and Recommendation, at 20.** However, Meritor convincingly argues that changing the delivery method or location of an employee's paycheck is not a tangible employment action, citing numerous comparable cases which support this position. *See e.g., Gary v. Washington Metro. Area Transit Auth.*, 886 F.Supp. 78, 90 (D.D.C.1995) **(retaliation and constructive discharge for complaints of sexual discrimination and harassment; requiring paycheck to be picked up from incorrect location not adverse employment action)**; *see also, Sharp v. Continental Express Airlines, Inc.*, 2000 WL 190244 (E.D.Pa. Feb.7, 2000) **(sex discrimination case; delay in receiving paycheck not adverse employment action)**; *Badrinauth v. Touro College*, 1999 WL 1288956 (E.D.N.Y. Nov.4, 1999) **(race and national origin discrimination case; delay in the receipt of a paycheck is not an adverse employment action only a mere inconvenience)**; *Meckenberg v. New York City Off–Track Betting*, 42 F.Supp.2d 359, 381 n. 13 (S.D.N.Y.1999) **(gender and race discrimination and retaliation; delay of paycheck not adverse action)**; *Neratko v. Frank*, 31 F.Supp.2d 270, 296 (W.D.N.Y. 1998) **(sex discrimination and retaliation; issuance of erroneous paychecks is *de minimus* personnel matter not adverse employment action)**. *But see, Jin v. Metropolitan Life Ins. Co.*, 2000 WL

---

**2.** There has been much dispute about whether Parr qualifies as Plaintiff's supervisor. There is no doubt that Parr was a supervisor at Meritor. However, he worked in a different department and on a different shift than Plaintiff. He undeniably did not "supervise" Plaintiff, nor was he a part of her chain of command. Nevertheless, Plaintiff contends that Parr should be considered Plaintiff's supervisor. The distinction is important because only where sexual harassment is at the hands of a plaintiff's supervisor is the employer exposed to the possibility of vicarious liability. The Magistrate Judge used various rationales to determine that Parr could be considered a *de facto* supervisor of Plaintiff's. Although the Court does not necessarily agree with that conclusion, it is not relevant to the Court's decision. Assuming *arguendo* that Parr is a supervisor, Meritor nonetheless has adequately established an affirmative defense which excuses it from liability. Thus, the Court ignores the dispute over whether Parr is actually Plaintiff's supervisor and will merely consider him as such.

347150 (S.D.N.Y., Apr.4, 2000) (**supervisor's withholding of plaintiff's commission checks for a year amounted to a tangible employment action**). The Court agrees with Meritor and does not consider Parr's conduct to be a tangible employment action. Plaintiff does not allege that her paycheck was withheld (which distinguishes the instant situation from *Jin* above) or that any conditions were attached to its receipt. She never complained to the payroll department or management about her paycheck until May 14–15, 1998, nor even asked Parr to stop interfering with her check. **Reese Deposition, at 208–10, 448–49.** Based upon the record evidence and the relevant law, the Court finds that Parr's interference with the delivery of Plaintiff's paycheck does not amount to a tangible employment action. Therefore, Meritor is entitled to establish an affirmative defense against liability because Parr's sexual harassment did not include a tangible employment action.

### B. Meritor Established the First Prong of the Affirmative Defense

█ To establish the affirmative defense, and escape liability, Meritor must first show by a preponderance of the evidence that it " 'exercised reasonable care to prevent and correct promptly any sexually harassing behavior.' " *Brown,* 184 F.3d at 395 (quoting *Burlington,* 524 U.S. at 765, 118 S.Ct. 2257). In terms of *prevention,* the record reflects that Meritor had in place an anti-harassment policy designed to deter sexual harassment. **Reese Deposition, at Ex. 3, ¶ 1.7.** Although, the mere existence of such a policy does not necessarily meanthat the employer has exercised reasonable care, such policies are compelling evidence that an employer has exercised reasonable care. *Brown,* 184 F.3d at 395. To firmly establish the first prong of the affirmative defense, the employer's anti-harassment policy must be "both reasonably designed and reasonably effectual." *Id.,* at 396. Here, Meritor's anti-harassment policy provided multiple avenues for employees such as Plaintiff to report sexual harassment, including through their chain of command, outside the chain of command to anyone in management, to the local ombudsman, or to the 1–800 hotline to the corporate headquarters. **Deposition of John Hock, at 144–45.** All Meritor employees were made aware of this policy and informed about how to report workplace concerns. *Id.* More importantly, Plaintiff was given a copy of Meritor's sexual harassment policy in her employee handbook and admits to having that policy reviewed with her personally by management. **Reese Deposition, at 80–81, 83.** Furthermore, Plaintiff had specific knowledge about Meritor's anti-harassment policy through direct, personal experience. *Prior to the incidents* alleged in this action, Plaintiff had successfully used Meritor's anti-harassment policy to stop harassment by a co-worker. *Id., at 548.* In addition, Plaintiff herself had been disciplined under the sexual harassment policy for making lewd comments which offended a co-worker. **Reese Deposition, at 141; Deposition of Mark Turner, at 13; Deposition of Fred Harbinson, at 16.**

In terms of taking prompt action to *correct* any sexual harassment, Meritor has likewise established a strong evidentiary record. Upon learning of Parr's harassing behavior on May 14–15, 1998, Meritor management immediately suspended Parr pending an investigation and at that time ordered him to have no further contact with Plaintiff. Following an investigation, and upon learning that Parr had attempted to contact Plaintiff by phone at work, Meritor management discontinued Parr's employment with the company.

Plaintiff contends that the affirmative defense is not available because Meritor was aware of Parr's harassment long before it took action to correct the situation. Therefore, Meritor did not exercise reasonable care and has not satisfied the first prong of the affirmative defense. In par-

ticular, Plaintiff alleges that members of Meritor's management were aware of the nature of the relationship between Plaintiff and Parr as early as December 1997. Also, Plaintiff contends that she specifically informed her supervisor, Mark Turner, about Parr's conduct in an April 1998 discussion. However, despite evidence which indeed suggests that Meritor managers were concerned about the amount of time Plaintiff and Parr were spending with each other away from her work station, the Court sees no evidence which would lead it to believe Meritor had any knowledge about sexual harassment. Plaintiff gave every indication that her relationship with Parr was consenual and friendly. In fact, Plaintiff admits in her deposition that she did not complain about any sexually harassing behavior in April 1998 or at any time prior to May 14–15.

Q: In that [April] discussion was there any discussion about the fact that there was anything inappropriate in the nature of the time you [and Parr] were spending together?

A: No, I did not go in detail.

Q: Okay.

A: I felt like I didn't have to.

Q: Was May 14th the first time that you had addressed with any member of management the nature of the contacts that you and Mr. Parr were having?

A: Yes.

Reese Deposition, at 222. Despite Plaintiff's allegations that Meritor had knowledge of Parr's sexual harassing behavior prior to May 1998, the Court does not agree. Even viewing all of the evidence in the light most favorable to the Plaintiff, the Court finds that Meritor had no knowledge of any *sexual harassment* prior to May 14–15, 1998. "The law requires an employer to be reasonable, not clairvoyant or omnipotent." *Brown*, 184 F.3d at 396.

■ Plaintiff also argues that because Parr obtained an early retirement severance package and a retirement party was given in his honor, Meritor somehow failed to adequately punish him for his conduct. The Court again disagrees. Meritor's response to the situation was prompt and successfully terminated Parr's harassing behavior. Parr was immediately suspended and subsequently removed from his job. He received his early retirement severance package only after agreeing to stay away from the Plaintiff and to undergo treatment to ensure he posed no danger to Plaintiff. As the Magistrate Judge observed, the law merely requires that the employer's response be reasonably effectual, not done with malice. Based upon the evidence before the Court, viewed in the light most favorable to the Plaintiff, the Court must conclude that Meritor has met its burden on the first element of the affirmative defense and no reasonable jury could conclude otherwise.

### C. Meritor Established the Second Prong of the Affirmative Defense

■ To establish the second element of its affirmative defense to liability, Meritor must show by a preponderance of the evidence " 'that the plaintiff employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm otherwise.' " *Brown*, 184 F.3d at 395 (quoting *Faragher*, 524 U.S. at 807, 118 S.Ct. 2275; *Burlington*, 524 U.S. at 765, 118 S.Ct. 2257). The evidence in Meritor's favor on this point is overwhelming. As discussed above, Plaintiff was familiar with Meritor's anti-harassment policy, as she had been individually informed about the policy, had used it successfully in response to an incident of sexual harassment, and had been disciplined herself under the policy. However, despite numerous opportunities to express her concerns about Parr, Plaintiff admits that May 14, 1998, was the first time she informed any members of management that she did not welcome Parr's attention. **Reese Deposition, at 214–15, 222.** Furthermore, in response to

direct questions from management concerning the nature of her relationship with Parr, she failed to come forward. Finally, despite having numerous letters which provided hard evidence of Parr's conduct towards her, Plaintiff did not show these to management until May 14–15, 1998. Proof that a plaintiff failed to follow a complaint procedure "will normally suffice to satisfy the employer's burden under the second element of the [affirmative] defense." *Brown, supra; Lissau v. Southern Food Serv., Inc.,* 159 F.3d 177, 182 (4th Cir. 1998); *Mills v. Brown & Wood, Inc.,* 940 F.Supp. 903, 909 (E.D.N.C.1996) **(unreasonable not to complain when plaintiff had ample evidence of sexual harassment).** The Court finds that although Plaintiff was sufficiently knowledgeable about Meritor's anti-harassment policy, Plaintiff unreasonably failed to take advantage of preventative and corrective opportunities provided by Meritor. Meritor therefore has adequately established the second prong of the affirmative defense.

The Court finds that even viewing the evidence in the light most favorable to Plaintiff, Meritor has established both prongs of its affirmative defense by a preponderance of the evidence. Therefore, Meritor is entitled to summary judgment on Plaintiff's claim for sexual harassment.[3] *Brown,* 184 F.3d at 395.

### 2. Negligent Infliction of Emotional Distress

Plaintiff also brings a claim for negligent infliction of emotional distress against Meritor. Plaintiff specifically alleged that Meritor negligently breached its duty to keep her environment free of sexual harassment and intimidation because (1) it knew of Parr's alleged harassment and intimidation of Reese and (2) knew or should have known that its alleged failure to take immediate and corrective action against Parr would cause Reese severe

emotional distress. **Amended Complaint, at ¶'s 20–21.** Defendant Meritor moved for summary judgment, arguing that Plaintiff has failed to establish all of the essential elements of her claim.

Under North Carolina law, to state a claim for negligent infliction of emotional distress, a plaintiff must allege and prove "that the defendant (1) negligently engaged in conduct, (2) which was reasonably foreseeable would cause severe emotional distress [often referred to as "mental anguish"], and (3) the conduct did, in fact, cause severe emotional distress." *Pardasani v. Rack Room Shoes, Inc.,* 912 F.Supp. 187, 192 (M.D.N.C.1996). The Court does not reach the second two elements of the claim because there is no evidence that Meritor acted negligently. As discussed above, Meritor not only acted reasonably with respect to its anti-harassment policy, but responded quickly and appropriately once it learned of Parr's conduct. Plaintiff's charges that Meritor knew about Parr's harassing behavior long before taking corrective action amount to nothing more than mere allegations and speculation. Because a reasonable jury could not find that Meritor's conduct was negligent, the Court will grant Meritor's motion for summary judgment on the claim of negligent infliction of emotional distress. *Mills,* 940 F.Supp. at 910.

### IV. ORDER

**IT IS, THEREFORE, ORDERED,** that the Defendant Meritor's motion for summary judgment is hereby **GRANTED,** and Plaintiffs' claims against Meritor are hereby **DISMISSED WITH PREJUDICE** in their entirety.

The Court will address the state law claims against Defendant Parr is a separate order to be issued following the pre-

---

**3.** In the alternative, Meritor moved for summary judgment on the issue of punitive damages. Although the Court would look favorably on that motion, the issue is moot and does not need to be addressed by the Court.

trial conference scheduled for Tuesday, April 25, 2000.